**In the Matter of the Application of FIRST UNITED FINANCIAL CORPORATION FOR the RETURN OF SEIZED PROPERTY.**

No. 85 C 2587.

United States District Court, E.D. New York.

Nov. 5, 1985.

---

Russo, Silverman & Vitaliano (Ronald Russo, of counsel), New York City, for petitioner.

Raymond J. Dearie, U.S. Atty., Edward A. McDonald, Atty.-in-Charge Organized Crime Strike Force, E.D. of N.Y. (Bruce Maffeo, of counsel), Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This is a motion by petitioner for an order pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure directing that certain property unlawfully seized from petitioner's premises be returned.

According to the government petitioner has been under grand jury investigation. In the course of the investigation, Magistrate Chrein signed a search warrant authorizing the seizure of specified books and records at petitioner's premises. The warrant specifically excluded "the office and files of Stuart M. Steinberg, an attorney," petitioner's general counsel. Although the government did not take any files from his office, it did remove files stored in the office of his secretary in drawers that he identified as containing his files.

Petitioner urges that (1) the seizure of Steinberg's files was unauthorized, indeed was proscribed, by the warrant, and (2) the seizure of certain documents, contained in his files in his secretary's office and in places elsewhere in the office, violated the attorney-client privilege.

The government contends that even if the seizure of the attorney's files in his secretary's office was unauthorized by the warrant, petitioner may not raise the unlawfulness of the seizure on a motion under Rule 41(e). In order to do so, the government says, petitioner must show "irreparable harm," and it has not done so.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be

searched, and the persons or things to be seized."

■ There is no exception in the Fourth Amendment excluding from its protection persons under investigation by a grand jury. Indeed, the Supreme Court has said that a grand jury is "without power to invade a legitimate privacy interest protected by the Fourth Amendment." *United States v. Calandra*, 414 U.S. 338, 346, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974). Nor does the Fourth Amendment prohibit only those unlawful searches and seizures that impose "irreparable harm" on the victim.

Rule 41(e) provides, in pertinent part, that a person "aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized" and that if "the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial."

■ The government's position amounts to this. It may violate petitioner's Fourth Amendment rights, and Rule 41(e) affords no remedy unless petitioner proves "irreparable harm." It is true that the rights of privacy that the amendment was designed to protect have been restricted in recent years by Supreme Court decisions. But this court had not supposed that those rights had been written out of the Constitution. Any deliberate violation of the amendment "aggrieves" the victim and is constitutionally "irreparable" even if the pecuniary damages are nominal.

■ The government argues that petitioner should be relegated to a post-indictment motion to suppress. But that is no remedy for an unindicted and innocent person. It is wrong to suppose that the Fourth Amendment applies only to those who have committed crimes or even to those suspected of or charged with doing so. It also protects the innocent. To wink at a violation is to invite the unlawful inva-

sion in the name of the grand jury of their houses and offices by a government secure in the knowledge that they have no remedy and no means of protection.

If a court with final authority believes that the assurance to the people against unreasonable searches and seizures and the requirement to particularize warrants are inconvenient, or perhaps even pernicious, nothing could be easier than to treat violations of the amendment as without consequence. The words of the Constitution are not self executing. But if while deploring such violations courts afford no redress, the amendment becomes a mere relic of the past, a benevolent yearning now outmoded. History might tell us, and millions of people around the world might testify, that the taste of the fruit of that doctrine is bitter.

This court must and will follow the dictates of decisions binding upon it. But the appellate opinions, as this court reads them, have not to date finally determined that the Fourth Amendment is no more than an unenforceable platitude. We are not yet living in a police state.

Rule 41(e) is clear enough. If the property has been "illegally seized," the court may order its return to the "aggrieved" person. The rule makes no mention of "irreparable harm."

The government points to *Standard Drywall, Inc. v. United States*, 668 F.2d 156 (2d Cir.), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982), as authority for its position. In that case the court held that the denial of a motion under Rule 41(e) was not appealable. The holding of the opinion does not require this court, if it finds an illegal seizure, to decline to act.

Nor does the *Calandra* case, *supra*, require the court to do so. According to that opinion, a witness may not refuse to answer before a grand jury questions based on evidence that has previously been unlawfully seized. But that does not make the previous seizure lawful or justify unlawful retention of property by the government.

Nor is this a case where the court should defer to another court that has the same issue before it. *Cf. Ex Parte Decious,* 622 F.Supp. 40 (E.D.N.Y.1985).

The court respectfully declines to follow *In re James Petrillo,* 84 M. 0009, —— F.Supp. —— (E.D.N.Y. March 13, 1985).

The government also contends that the files in the secretary's office were properly seized on the ground, presumably, that they were not the attorney's files within the meaning of the warrant. The court cannot resolve that question on the present papers. The court will hold a hearing to determine the issues of fact.

As to those disputed items that petitioner claims are privileged attorney-client communications the court will hold an *in camera* hearing to decide which, if any, are privileged.

Petitioner's request to unseal the government affidavit is denied. So ordered.