**In re TWO SEARCH WARRANTS ISSUED MARCH 14, 1986.**

No. M 86–0213.

United States District Court,
E.D. New York.

May 22, 1986.

Ronald W. Meister, Meister, Leventhal & Slade, New York City, for Carriage Garage and Research Cab.

Asst. U.S. Atty., Michael Gold, E.D. of N.Y., Brooklyn, N.Y., for U.S.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

A motion was made pursuant to Rule 41(e) of the Fed.R.Cr.P. for an order directing the return to the Carriage Garage Service Corporation (Carriage) and to the Research Cab Corporation (RCC) property which movants allege was illegally seized from those corporations on the night of March 14–15, 1986. The illegality is predicated upon the overbreadth of the search warrants and upon the absence of probable cause to issue them. The affidavits in support of the search warrant applications are sealed and the movant also requests that they be unsealed so that the absence of probable cause may be effectively addressed.

Upon oral argument and in the original written submission of both sides, the major emphasis was placed upon the learning bearing upon the interdiction of general searches by the Fourth Amendment. In the later submissions prepared at the request of the Court, the Government urged that the motion be denied for reasons unrelated to the questions of probable cause, the unsealing of the affidavit or the facial validity of the warrant. In essence, the Government urges that the merits of the motion be deferred until such time as an indictment is returned and a pretrial motion is made under Rule 12(b)(3) of the Fed.R. Cr.P. That issue will be addressed first since if the Government's position has validity, the substantive search warrant issues need not be reached at this time.

Rule 41(e) of the Fed.R.Crim.P. provides as follows:

A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized.... If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

■ Intrinsic to the applicability of that Rule is the principle that the exclusionary rule does not extend to proceedings before a grand jury. In *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), the defendant was summoned before the grand jury and asked about records that were previously seized during a search of his office. He was granted a continuance so that he could move pursuant to Rule 41(e). The district court granted his motion holding that the search was unconstitutional and decided that he need not answer any grand jury questions based upon the suppressed evidence. The Court of Appeals for the Sixth Circuit affirmed and the Supreme Court reversed. In the course of its opinion, the Supreme Court observed, at p. 349–350, 94 S.Ct. at p. 620–621;

> In deciding whether to extend the exclusionary rule to grand jury proceedings, we must weigh the potential injury to the historic role and functions of the grand jury against the potential benefits of the rule as applied in this context. It is evident that this extension of the exclusionary rule would seriously impede the grand jury. Because the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigation and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial.... In sum, we believe that allowing a grand jury witness to invoke the exclusionary rule would unduly interfere with the effective and expeditious discharge of the grand jury's duties.

Balancing the benefits to be derived from an extension of the exclusionary rule to grand jury proceedings against the effects of such extension upon the enforcement of the criminal law, the Court declared that "In the context of a grand jury proceeding, we believe that the damage to that institution from the unprecedented extension of the exclusionary rule ... outweighs the benefit of any possible incremental deterrent effect." *Calandra*, at p. 354, 94 S.Ct. at p. 623.

■ It should be noted that although captioned, "Motion for Return of Property," Rule 41(e), if applied, results in exclusionary relief because it provides that "If the motion is granted the property shall be restored and *it shall not be admissible in evidence at any hearing or trial.*" If the only question before the Court were whether the movants were entitled not only to the suppression of the evidence allegedly obtained through an unlawful search and seizure, but also to the derivative use of that evidence, *Calandra* would be dispositive. What is the significance then, of *Calandra* to this motion brought ostensibly only for the return of property seized?

In *In re Grand Jury Proceedings Involving Berkley & Co.*, 466 F.Supp. 863 (D.C.Minn.1979) Berkley moved to suppress evidence seized under a warrant pursuant to Rule 41(e) Fed.R.Crim.P. The documents were being submitted to a grand jury in the course of an investigation of which Berkley and others were targets. The Court framed the threshold issue as being whether it could rule on the motion prior to indictment. In deciding that it could or should not, the Court declared that the Rule 41(e) remedy should be invoked only where there is a clear violation of the Fourth Amendment and the aggrieved party is suffering irreparable harm. The Court also advanced another reason for not ruling on the 41(e) motion. Citing *Calandra*, the court stated that the exclusionary rule does not apply to a grand jury investigation and that such investigation should not be impeded by minitrials and preliminary hearings on Fourth Amendment questions. The Court also declined to decide the motion because it was not the trial court and was reluctant, therefore, to frustrate the policy of Rule 41(e) which is "to require motions to suppress evidence to be made in the trial court" and "to have all pretrial motions disposed of in a single court appearance before the trial court pursuant to Rule 12." *Berkley*, 466 F.Supp. at 866.

Three years later, *Standard Drywall, Inc. v. United States*, 668 F.2d 156 (2d

Cir.1982) dismissed an appeal from a denial of a Rule 41(e) motion for the reason that the order denying the motion was not appealable. *Standard Drywall* is authoritative for that narrow proposition only, but it is instructive for the observations made in arriving at that holding. In that case federal agents executed a search warrant and books and records of Standard Drywall were seized for presentation to a grand jury that was investigating crimes allegedly committed by Standard Drywall and other companies. The affidavit in support of the search warrant was sealed. Standard Drywall then moved under Rule 41(e) for the return of all of its property seized pursuant to the warrant and for disclosure of the affidavit supporting that warrant. The District Court denied the motion relying on *Berkley* in holding that Standard Drywall had failed to demonstrate that it would suffer irreparable harm if the documents seized were not returned. The Court deferred consideration of the merits of the Fourth Amendment motion until the initiation of a criminal proceeding and a motion to suppress under Rule 12(b)(3) made such consideration necessary. It was that decision from which Standard Drywall appealed and which the Court of Appeals held was not appealable.

The Court noted that although the motion was for the return of property only and omitted any reference to "suppression" the granting of the motion would automatically result in suppression and that the real purpose of the motion, therefore, however styled, was "to keep seized evidence from a grand jury or other investigative agency." The Court went on to state that:

> The term of the grand jury is limited. If its inquiry results in indictment, the lawfulness of the seizure will be fully considered upon a motion to suppress, and any ruling adverse to the defendant will be reviewable upon appeal from a final judgment; if the grand jury declines to indict the movant, or adjourns without indicting it, its property will most likely be returned, and if not, it can initiate an independent proceeding for its return.

On the facts as presented to the District Court, *Standard Drywall* is virtually identical to the facts presented to this one.

*Application of Sentinel Government Securities*, 530 F.Supp. 793 (S.D.N.Y.1982) was decided approximately three weeks after *Standard Drywall*. In that case, Sentinel Government Securities (SGS) and Sentinel Financial Instruments (SFI) moved under Rule 41(e) for the return of property seized under a warrant. SGS and SFI were targets of a grand jury investigation. I infer from the cases cited in this regard that the search warrants were attacked as being too broad and therefore to be condemned as are all general warrants. SGS and SFI, in attacking the warrant, contended that the books and records seized related to legal activities as well as to those alleged to be illegal and that the latter were segregable from the former. (An identical argument was made by the movants in this case). Judge Haight denied the motion for the various reasons advanced in *Standard Drywall* and *Berkley* to which references have already been made. He concluded by declaring "that where a company has become the target of an ongoing grand jury investigation ..., and during the pendency of the grand jury investigation documents belonging to the target are seized pursuant to a search warrant, consideration of the target's Fourth Amendment claims must be deferred to a motion to suppress evidence under Rule 12, ...." *See also In re James Perillo*, 84 M 0009 (E.D.N.Y. March 13, 1985) (not officially reported).

■ In its submissions to the Court the Government averred that the seizure of the business records of Carriage and RCC stemmed from a presently continuing grand jury investigation into corruption allegedly pervading the New York City Taxi and Limousine Commission (TLC). Among the targets of that investigation are Donald Sherman who controls Carriage, RCC and other taxicab holding companies. The seizure of corporate records was necessitated by the complexity and overlapping nature of the evidence. The Government also

avers that to unseal the affidavit at this time would compromise the grand jury investigation. And finally the Government asserts that the movants have been furnished copies of all the materials that were seized and therefore can suffer no irreparable harm. The movants do not dispute that Donald Sherman and the corporations he allegedly controls are targets of the investigation nor do they controvert their receipt of copies of all the materials seized. Given these facts, it is difficult to ignore the teaching of *Berkley, Standard Drywall* and *Sentinel.*

In *Application of First United Financial Corp.*, 620 F.Supp. 1450 (E.D.N.Y. 1985) the Court was not persuaded by the teaching of those cases, or at least derives a different lesson from them. The movants urge this Court to do likewise. In *First United Financial,* a search warrant issued authorizing the seizure of specified books and records at the premises of the petitioner who was a target of a grand jury investigation. The warrant specifically excluded "the office and files of Stuart M. Steinberg, an attorney." Mr. Steinberg was petitioner's general counsel. The Government removed files stored not in his office, but in the office of his secretary in drawers that he identified as containing his files. The petitioner moved under Rule 41(e) for the return of those files contending that their seizure was explicitly proscribed by the warrant and that the seizure violated the attorney-client privilege. The petitioner also requested that the affidavit in support of the warrant be unsealed. The Government opposed the motion on the grounds that the validity of the seizure may not be raised under Rule 41(e) and that even if it could, that petitioner must show "irreparable harm" which it did not do. The Court held that the Fourth Amendment does not exclude from its protection persons under investigation by a grand jury nor does it prohibit only the unlawful searches causing irreparable harm. It said that any deliberate violation of the Constitution is "irreparable" even if there are no actual damages. Neither *Standard Drywall* nor *Calandra,* said the

Court, mandate a denial of the motion. The former simply held, it said, that such a result was not appealable and the latter that a witness may not refuse to answer grand jury questions based on evidence unlawfully seized. The petitioner's request to unseal the affidavit was denied and a hearing was to be held to determine whether the files seized were in fact the attorney's files and whether they were privileged.

With great respect, this Court declines to follow the conclusion reached in *First United Financial* that a Rule 41(e) motion may be granted during an ongoing investigation by a grand jury and prior to an indictment. The essential distinction between *First United Financial* and the numerous cases which have denied the motion on relatively similar facts, is in the manner in which that motion is viewed. Judge Nickerson, in *First United Financial,* viewed the motion purely as one to vindicate a legitimate privacy interest protected by the Fourth Amendment and allegedly invaded by an unlawful search. The other cases, denying the motion at the grand jury stage, view it as essentially a motion to suppress evidence that is more appropriately brought after indictment absent proof of irreparable harm.

As has already been indicated, a Rule 41(e) motion is the functional equivalent of a motion to suppress. Viewed in that light, the exclusionary rule analysis of *Calandra* becomes relevant in the cases which look to *Calandra* in denying a Rule 41(e) motion. In that analysis, emphasis is placed not on redressing the injury to the privacy of the search victim, but upon deterrence of future unlawful conduct. The Court put it as follows:

> The purpose of the exclusionary rule is not to redress the injury to the privacy of the search victim:
>
>> '[T]he ruptured privacy of the victims' homes and effects cannot be restored. Restoration comes too late'....
>
> Instead, the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures.

*United States v. Calandra,* 414 U.S. at 347, 94 S.Ct. at 619–620.

Adoption of that analysis equates the present motion with one to suppress evidence which should be made post-indictment and pre-trial absent irreparable harm. The Government has furnished to Carriage and RCC copies of all the material seized. That precludes any claim of irreparable harm. *See Standard Drywall,* 668 F.2d at 157, n. 2.

If the grand jury returns an indictment of Carriage and RCC, the validity of the warrant and the affidavit in support of it will be fully considered upon a motion to suppress. If the grand jury declines to indict those corporations and the Government does not return the seized material, an appropriate proceeding for its return may be commenced. *Standard Drywall,* 668 F.2d at 158. *See also De Massa v. Nunez,* 747 F.2d 1283 at 1294 (9th Cir. 1984). If the grand jury does not indict the corporate defendants but does indict Donald Sherman, who is also a target of the grand jury's investigation, a motion to suppress, if made by him, would require a careful consideration of his expectation of privacy in the corporate material seized. The uncertainty of the occurrence of any of those events lends support to the propriety of denying the motion at this time.

SO ORDERED.