**Amparo CAMACHO, Plaintiff,**

v.

**UNITED STATES of America, United States Drug Enforcement Administration, Special Agent Joseph Reynolds, Defendants.**

**No. 86 M 81.**

United States District Court,
E.D. New York.

Oct. 3, 1986.

Murray & Skoff, New York City by Abraham Y. Skoff, for plaintiff.

Reena Raggi, U.S. Atty., E.D.N.Y., Charles E. Knapp, Asst. U.S. Atty., for defendants.

McLAUGHLIN, District Judge.

This is a motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for the return of currency that plaintiff claims was unlawfully seized by the Drug Enforcement Administration (DEA). The Government contends that Fed.R.Crim.P. 41(e) does not invest the Court with subject matter jurisdiction over this case, and that petitioner has waived her right to a judicial determination because she failed to assert a proper claim to the property pursuant to 19 U.S.C. § 1608. For the reasons discussed below I reject the Government's contentions and refer this case to the Honorable John L. Caden, United States Magistrate, to determine whether the search and seizure of petitioner's property was lawful.

*Facts*

Amparo Camacho entered LaGuardia Airport on January 28, 1985, in order to

board a flight to Miami, Florida. Following an x-ray scan that revealed currency in Ms. Camacho's luggage, a DEA agent questioned her and took possession of the currency. Although Ms. Camacho was eventually permitted to go free, the currency was not returned to her.[1] David Zapp, Ms. Camacho's attorney, sent a registered letter to the DEA dated February 28, 1985, demanding that the currency be returned because there had not been probable cause to seize it. There is no indication that the Government responded.

The Government subsequently initiated summary forfeiture proceedings pursuant to 19 U.S.C. § 1607(a). A registered letter was sent on May 22, 1985 to Ms. Camacho in care of Mr. Zapp; notice of seizure was published in "The American Banker" on May 23, May 30, and June 6, 1985. Ms. Camacho's new attorney, Abraham Skoff, sent a letter dated June 19, 1985, to the DEA, indicating that Ms. Camacho intended to proceed with a judicial determination of the seizure's legality. Ms. Camacho, however, did not post a bond, which is required by 19 U.S.C. § 1608. On July 1, 1985, the currency was forfeited and deposited in the Federal Reserve Bank in Manhattan. At no time did the Government institute criminal proceedings against Ms. Camacho. On February 28, 1986, Ms. Camacho made this motion.

1. The parties disagree as to how much currency is involved. Plaintiff claims $45,300.00 was seized from her; the Government contends that the amount was $45,000.00.

2. This case is thus distinguishable from both *In re Two Search Warrants Issued March 14, 1986*, 110 F.R.D. 354 (E.D.N.Y.1986) and *In re James Perillo*, 84 M 9 (E.D.N.Y. March 13, 1985), two cases that denied Rule 41(e) motions. The movants in both cases were subjects of ongoing criminal investigations. In *In re Two Search Warrants, supra*, the court viewed a Rule 41(e) motion made during an ongoing grand jury investigation and prior to an indictment as the "functional equivalent of motion to suppress." *In re Two Search Warrants, supra*, 110 F.R.D. at 357. The court noted that the exclusionary rule does not extend to grand jury proceedings, and equated the Rule 41(e) motion with a Fed.R. Crim.P. 12(b)(3) motion which, "should be made post-indictment and pre-trial absent irreparable harm." *Id.* at 358. Finding that no ir-

## Discussion

The Government's contention that Fed.R. Crim.P. 41(e) does not apply is without merit. Although the Supreme Court has not passed directly on this question, it has remarked that Rule 41(e) may properly be used to request return of property that was improperly seized. *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850.00) in United States Currency*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983) (dictum). The Second Circuit has indicated that a party with no connection to an actual or potential criminal case is entitled to a prompt appeal after a denial of Rule 41(e) motion that was made solely for the return of property. *Standard Drywall, Inc. v. United States*, 668 F.2d 156, 159 (2d Cir.) (dictum), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982). Although the Second Circuit in *Standard Drywall* addressed only whether a Rule 41(e) motion is appealable, it would seem to follow *a fortiori* that such a motion lies in the first instance.

It is important to note that there is no intimation that Ms. Camacho will ever be prosecuted for possession of the currency. Thus, her motion seeks return of the property only, and does not concern suppression of evidence that may be used against her either in a grand jury hearing or at trial.[2]

reparable harm existed because the Government had supplied the movants with copies of the seized materials, the court denied the motion, stating that it could be "fully considered" after the grand jury indicted or chose not to indict the movants. *Id.* Similarly, in *In Re James Perillo, supra*, this Court held that the Government's "continuing interest in petitioner's property militate[d] against its return at [that] time." *In re Perillo, supra*, at 4. This Court also recognized that the legality of the seizure could be considered fully prior to trial in the event of an indictment, or subsequent to a decision not to indict. *Id.* at 3 (quoting *Standard Drywall, supra*, 668 F.2d at 158). In neither case did the court reach the merits of the movant's claim. Here, however, I find no reason to delay such an examination. The movant has not been indicted for an offense related to the currency, and she apparently never will be. Hence, the considerations upon which *In re Two Search Warrants* and *In re James Perillo* were based do not apply.

Accordingly, I hold that petitioner's Fed.R. Cr.P. 41(e) motion was properly made, and that this Court has subject matter jurisdiction because the movant claims her Fourth Amendment rights were violated.

Even if plaintiff waived her rights under § 1608 by failing to post a bond in the required amount, such a waiver does not prejudice her right to move for relief under Fed.R.Crim.P. 41(e). The two remedies are distinct and the plaintiff may choose either one.

Petitioner asserts that the seizure was unlawful because there was no search warrant and no probable cause for an arrest. This is an issue of fact. Accordingly, the case is hereby referred to the Honorable John L. Caden, United States Magistrate, for the purpose of conducting a hearing on these issues and submitting a report and recommendation to this Court.

SO ORDERED.