**CHURCH OF ST. MATTHEW, a California non-profit corporation, et al., Plaintiffs–Appellants,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 1070, Docket 87–6270.

United States Court of Appeals, Second Circuit.

Argued April 20, 1988.

Decided April 29, 1988.

Ramsey Clark, New York City (Lawrence W. Schilling, Peter B. Meadow, of counsel), for plaintiffs-appellants.

Dave S. Hattem, Brooklyn, N.Y., Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., John Gleeson, Asst. U.S. Atty., of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, and LUMBARD and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, J., dated October 29, 1987, denying appellants'

motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for the return of all property seized on January 22, 1987 from the basement of St. Matthews Church in Elmont, New York by agents of the Internal Revenue Service pursuant to a search warrant. Appellants moved for return of the apparently substantial volume of seized property on the principal grounds that (1) there was no probable cause to issue the warrant; (2) the warrant failed to describe the place to be searched and the items to be seized in sufficient particularity; and (3) the government agents searched beyond the area authorized by the warrant and seized items outside the scope of the warrant. Appellants challenged the constitutionality of the search and seizure under the First and Fourth Amendments.

Judge Mishler ruled that the warrant was issued upon probable cause that the Order of St. Matthew was involved in a scheme to avoid taxes, that the warrant described the items to be seized with sufficient particularity and that the execution of the warrant was proper; the judge commended the agents for their care in executing the warrant. In response to appellants' First Amendment claims, the judge stated that appellants had "failed to show that any item seized contained a tract, treatise or dissertation containing religious ideology." He noted that the government had requested that appellants identify what items they claimed were not subject to seizure, that appellants had failed to do so prior to the hearing on the motion and that shortly after the hearing, the government advised appellants' counsel that the original or copies of all documents seized (except for certain documents for which an attorney-client privilege could be asserted) had been returned to appellants.

■ The government argues that the district court's order is non-appealable since the seized documents are relevant to a pending grand jury investigation. We agree. The denial of a preindictment motion under Rule 41(e) is appealable "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant."

*DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–61, 7 L.Ed.2d 614 (1962). And, in *Standard Drywall, Inc. v. United States,* 668 F.2d 156, 158–59 (2d Cir.), cert. denied, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982), this court specifically ruled that under the principles of *DiBella* a denial of a Rule 41(e) motion is not a final order, and thus not appealable, where the movant is the subject of a grand jury inquiry. The court reasoned that allowance of an appeal in such circumstances would interfere with the grand jury proceedings and allow piecemeal appeals. The court noted that, by the explicit terms of Rule 41(e), if a Rule 41(e) motion is granted then the property returned is not admissible at any hearing or trial. Therefore, the court reasoned, even where the movant makes no mention of suppression, a Rule 41(e) motion is not "solely for return of property" when a grand jury investigation of the movant is pending. Appellants do not dispute that a grand jury investigation is pending and we have independently satisfied ourselves as to this fact by reviewing the sealed affidavit submitted to this court by the government.

■ In *Standard Drywall,* the court stated that since the term of a grand jury is limited the denial of immediate review would not "mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession." Id. at 668 F.2d 158, quoting *United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). We sympathize with appellants' concern that grand jury investigations can, in some cases, last for a substantial period of time and that in this case the property was seized over 15 months ago. However, appellants have apparently received back some of the materials seized and copies of all or substantially all of the seized documents. And, to the extent that original material has not been returned, appellants may renew their efforts in the district court to obtain the return of such documents and other material if there is no action by the grand jury within a reasonable period of time.

**420**

The appeal is dismissed for lack of appellate jurisdiction.