**UNITED STATES of America, Plaintiff,**

v.

**ONE 1985 BLACK BUICK AUTOMOBILE, BEARING NEW YORK LICENSE NUMBER AHZ 732, Vehicle Identification Number 1G4BP69Y4FH800371, Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**ONE 1985 GRAY AUDI 5000 AUTOMOBILE, BEARING NEW YORK LICENSE NUMBER 9965321, Defendant.**

**Misc. No. CR–88–163.**

United States District Court,
W.D. New York.

Nov. 28, 1989.

---

Dennis C. Vacco, U.S. Atty. (William J. Knapp, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for plaintiff.

Robshaw, Abramowitz & Tobia, P.C. (Philip B. Abramowitz, of counsel), Buffalo, N.Y., for claimants James Giliforte and Jane Sztuk.

CURTIN, District Judge.

The claimants in these two seizure cases, James Giliforte and Jane Sztuk, have brought motions under Rule 41(e) of the Federal Rules of Criminal Procedure requesting that the court conduct an evidentiary hearing to determine whether the two vehicles at issue should be forfeited or be returned to them.

Seizure warrants for the vehicles were issued on October 27, 1988, and the vehicles were seized the following day. The vehicles were taken pursuant to 18 U.S.C. § 1955(d), which authorizes the seizure of property associated with illegal gambling businesses. The claimants and their attorney were subsequently notified by the Federal Bureau of Investigation that both automobiles would be forfeited unless claims and cost bonds were filed, but the claimants chose instead to bring the present motion. No criminal proceedings have been commenced in connection with the seizure of the two vehicles, and the government has represented that neither a federal grand jury investigation nor the filing of federal charges is planned.[1]

The government argues that the claimants' time to file for relief has expired, and that the forfeiture of the vehicles is thus complete. The government states that the claimants, despite receiving notice of their obligations to do so,[2] did not file claims and cost bonds within twenty days.[3]

---

1. It thus appears, as the government argues, that the assignment of a miscellaneous criminal number to the present case by the Clerk of the Court was inadvertent.

2. 18 U.S.C. § 1955(d) provides in relevant part that

   [a]ll provisions of law relating to the seizure, summary, and judicial forfeiture procedures, and condemnation of ... vehicles ... for violation of the customs laws; the disposition of such ... vehicles ... or the proceeds from such sale; the remission or mitigation of such forfeitures; and the compromise of claims ... shall apply to seizures and forfeitures incurred or alleged to have been incurred under the provisions of this section, insofar as applicable and not inconsistent with such provisions.

   The Tariff Act of 1930, 19 U.S.C. § 1303, *et seq.,* provides in relevant part that

   the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

   19 U.S.C.A. § 1607(a).

3. 19 U.S.C. § 1608 provides in relevant part:

   Any person claiming such ... vehicle ... may at any time within twenty days from the date of the first publication of the notice of

The claimants argue that they have the option of challenging the seizures by bringing a motion under Rule 41(e). The government replies that, because this case clearly involves a civil forfeiture governed by specific statutory procedures with which the claimants failed to comply, Rule 41(e) is inapplicable.

The government's argument here is solidly supported by Rule 54(b)(5) of the Federal Rules of Criminal Procedure, which states in relevant part: "These rules are not applicable to ... civil forfeiture of property for violation of a statute of the United States." It is clear that the claimants, who do not challenge the adequacy of the notice provided by the government, are attempting to circumvent the consequences of their failure to bring appropriate and timely challenges to the seizure of the two automobiles at issue. While a claimant may be entitled to employ a Rule 41(e) motion prior to the initiation of forfeiture proceedings, *see, e.g., United States v. $8,850*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1983); *Floyd v. United States*, 860 F.2d 999, 1006–07 (10th Cir. 1988),[4] once the government gave notice to the claimants, the proper forum for challenging the seizure here was a civil forfeiture proceeding. *See In re Harper*, 835 F.2d 1273 (8th Cir.1988). *See also United States v. U.S. Currency, $83,310.78*, 851 F.2d 1231, 1233–35 (9th Cir.1988); *In re Seizure Warrant*, 830 F.2d 372 (D.C.Cir. 1987), *vacated as moot*, —— U.S. ——, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988). *Cf. United States v. Von Neumann*, 474 U.S. 242, 244, 106 S.Ct. 610, 612, 88 L.Ed.2d 587 (1986) ("After seizure of an article by the United States Customs Service, a claimant to it has essentially two options. He may pursue an administrative remedy under 19 U.S.C. § 1618 ... or he may challenge the seizure in a judicial forfeiture action initiated by the government. 19 U.S.C. §§ 1602–1604.") The claimants, however, never presented the requisite claims and cost bonds.

The claimants cite *Camacho v. United States*, 645 F.Supp. 725 (E.D.N.Y.1986), in which the court held that a claimant may choose to utilize either the procedures set forth in 19 U.S.C. § 1608 or a motion pursuant to Rule 41(e). The holding in *Camacho*, however, was rejected by the United States Court of Appeals for the Ninth Circuit, *see United States v. U.S. Currency, $83,310.78*, 851 F.2d at 1233, and this court likewise is not persuaded by the rather conclusory assertion in *Camacho* that § 1608 and Rule 41(e) provide alternative remedies.

The court notes that the claimants argue that the seizure of their vehicles "presents a prima facie fifth amendment violation and also clearly involves important fourth amendment considerations." *See* Affidavit of Jane Sztuk at ¶ 5; Affidavit of James Giliforte at ¶ 4. As suggested by the Eighth Circuit, the claimants may be able to press such claims before the United States Claims Court pursuant to the Tucker Act. *See In re Harper*, 835 F.2d at 1275 (citing 28 U.S.C. § 1491(a)(1)); *United States v. Rapp*, 539 F.2d 1156, 1161 (8th Cir.1976) (citing 28 U.S.C. § 1346(a)(2)).

The claimants' motions are hereby denied.

SO ORDERED.

---

seizure file with the appropriate customs officer a claim stating his interest therein. Upon the filing of such claim, and the giving of a bond to the United States ... such customs officer shall transmit such claim and bond, with a duplicate list and description of the articles seized, to the United States attorney for the district in which seizure was made, who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law.

For property seized by the FBI, procedures analogous to those contained in 19 U.S.C. §§ 1607, 1608 were adopted at 28 C.F.R. §§ 8.7, 8.8. *See* 28 C.F.R. § 8.3.

**4.** *But see United States v. U.S. Currency, $83,310.78*, 851 F.2d 1231, 1233–34 (9th Cir.1988).