In the Matter of SEARCHES OF SEM-TEX INDUSTRIAL CORPORATION, Semitronics Corporation, Intex Company, Inc. and Semtex/N.Y., Inc.

No. CV 94–4801 (ADS).

United States District Court,
E.D. New York.

Jan. 7, 1995.

Vorys, Sater, Seymour and Pease by David F. Axelrod, Lisa Pierce Reisz, Columbus, OH, Schlam, Stone & Dolan by James C. Sherwood, New York City, for Semtex Industrial Corp., Semitronics Corp., Intex Co. and Semtex/N.Y.

Edmund A. Sargus, Jr., U.S. Atty., S.D. of Ohio by Dana M. Peters, Asst. U.S. Atty., Columbus, OH, Zachary W. Carter, U.S. Atty., E.D. of N.Y. by Bradley D. Simon, Asst. U.S. Atty., Hauppauge, NY, for Government.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

Semtex Industrial Corp., Semitronics Corp., Intex Co., Inc. and Semtex/N.Y., Inc. ("the petitioners") make three motions with regard to a search warrant issued by United States Magistrate Judge Michael L. Orenstein on July 14, 1994. Specifically, they seek the following relief: 1) unsealing of the search warrant applications, motions to seal and order to seal ("the warrant documents"); 2) a more specific inventory; and 3) return of the property taken by the search warrants. The petitioners also request an evidentiary hearing on the motions. The government opposes the motions.

## BACKGROUND

The government sought and obtained the search warrant in question as part of a combined, multi-state Department of Defense fraud investigation conducted by the Defense Criminal Investigative Service ("DCIS") and the Federal Bureau of Investigation ("FBI"). The government sought authorization to search premises located at 64 and 74 Commercial Street, Freeport, New York. The search warrants, applications and order were all placed under seal. On July 19, 1994, at approximately 9:00 a.m., the search warrant was executed by DCIS and FBI agents.

There is a dispute between the parties with regard to many relevant facts. However, the petitioners and the government do not contest the following facts:

Henrietta Rivman is the president and sole shareholder of Semtex Industrial Corporation ("Semtex Industrial"), Semitronics Corporation ("Semitronics") and Intex Company, Inc. ("Intex"). These businesses are involved in the manufacture and distribution of parts to military defense contractors. The offices of Semtex Industrial, Semitronics and

Intex are located at 64 and 74 Commercial Street, Freeport, New York.

Jerome Rivman, the son of Henrietta Rivman, is the president and sole shareholder of Semtex/N.Y., Inc. ("Semtex/NY"), which distributes Semitronics components, as well as other manufacturers' parts, to defense contractors and other entities. Semtex/NY is located at 76 Commercial Street, Freeport, New York.

Two buildings house all of the four petitioning entities involved in this motion. Semtex Industrial, Semitronics and Intex occupy a building at 64 Commercial Street, which does not appear to house any other entities. Semtex Industrial, Semitronics and Intex also occupy part of larger building across a parking area from 64 Commercial Street, which is known as 74 Commercial Street. Adjacent to and located in the same building as 74 Commercial Street is 76 Commercial Street, the location of Semtex/NY. The search warrant covered only 64 and 74 Commercial Street.

At this point the parties' versions of the facts differ.

*The facts according to the Petitioners*

The petitioners contend that the agents executing the search on July 19, 1994, made no effort whatsoever to limit the items seized to the objects specified in the warrants, namely records covering the period between January 1, 1989 and May 1, 1994. Specifically, they allege that the agents indiscriminately collected records, including papers that related to current transactions from the tops of employees' desks. The petitioners also state that they repeatedly gave the agents notice that the documents being seized exceeded the scope of the warrants. The petitioners claim that the agents responded with threats to remove the petitioners from the premises and to take items like computers as well as records.

Apparently the petitioners and the government have had correspondence and phone conversations relating to the return of documents seized beyond the scope of the search warrant, and apparently some documents have been returned by the government. But the petitioners contend that many more documents that are critical to the ongoing operation of their business are being wrongfully held by the government.

The petitioners also allege that the agents enlarged the scope of the search warrant by searching and seizing documents from Semtex/NY, which is located at 76 Commercial Street and has its own separate entrance and sign. They identify a number of factors that they allege are indications that Semtex/NY is a separate entity having a separate address. They contend that the search warrant did not cover Semtex/NY or 76 Commercial Street, but that the agents seized records of Semtex/NY from the Semtex/NY address.

*The facts according to the government*

The government contends that DCIS and FBI agents made efforts to seize only those documents within the time period authorized by the search warrant. This effort, according to the government, consisted of a general review of the files to determine whether their type and content was covered by the warrant. The government admits that the agents did seize entire drawers or containers of records without reviewing every document individually, if a general review revealed that the drawers or containers included many documents covered by the warrant. The government states that when Mr. Rivman or his attorney objected to the taking of certain documents, those documents were reviewed to determine that they were dated within the time frame covered by the warrant.

The government admits that some of the seized documents did fall outside of the scope of the warrant and those were identified and returned to the petitioners' attorney. Further, the government notes that on October 28, 1994, the petitioners were given unlimited and continuing access to their documents for copying purposes.

As to whether the scope of the search exceeded what was authorized by the warrant in terms of location, the government alleges that there was no objection voiced by Mr. Rivman or his attorney to the search of 76 Commercial Street. The government further alleges that the agents were not told during the search that part of the 74 Commercial Street building was actually a sepa-

rate business entity with a separate address, namely Semtex/NY at 76 Commercial Street.

The government contends that Semtex/NY is not an independent entity because of the following facts: 1) its records are commingled with the three businesses owned by Henrietta Rivman; 2) all four businesses in question have common employees; 3) on the day of the search and on prior occasions Jerome Rivman led agents from 64 Commercial Street to his office at 76 Commercial Street; and 4) there is no indication from the inside of the building that a separate business existed or was located at another street address.

The government also notes that the similarity in the names of the Petitioners' corporations caused some confusion. The government points out that although they heard mention of Semtex/NY before the search warrant was prepared, they believed that the petitioners were distinguishing Semtex located in New York from Semtex–Dayton, Ohio, not referring to a separate entity.

### DISCUSSION

**I.** *Motion to unseal the warrant documents*

In determining whether there is a guaranteed a right of access to judicial records and documents, The United States Court of Appeals for the Second Circuit based its opinion on the common law, rather than the Constitution. *Application of Newsday*, 895 F.2d 74 (2d Cir.), *cert. denied*, 496 U.S. 931, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990). The *Newsday* Court premised its finding of a general right to inspect judicial records and documents on the Supreme Court's holding in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). However, that right is not absolute. *In the Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988).

■ The propriety of sealing search warrant documents turns on the government's need for secrecy and lies within the discretion of the court. *See Newsday, supra.* It is clear that when the government admits that the need for secrecy is *over*, the time for

filing warrant documents with the clerk has arrived. *Id.* at 78–79. However, "the need for sealing affidavits may remain after execution and in some instances even after indictment." *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir.1989) (discussed with approval by the Second Circuit in *Newsday, supra*).

■ If there is a request for access to inspect sealed documents, that request must be heard by the Court. *See Newsday, supra.* But the Court may deny access when sealing is narrowly tailored to preserve higher values. *New York Times, supra*, at 116; *Baltimore Sun, supra*, at 65–66 (quoting *Press Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). If access is denied the Court should consider alternatives, such as partial disclosure of documents or disclosure of redacted versions. *Baltimore Sun, supra*, at 65–66. The reasons supporting the Court's denial should be set forth with specificity to permit appellate review. *Id.*

In this Court's view it is reasonable to believe that the need for secrecy continues in a complex, multi-state investigation prior to indictment. This is especially true where, as here, the government seeks to protect the identities of undercover agents and persons cooperating with the investigation.

■ However, disclosure should not be postponed indefinitely. Accordingly, the Court directs that if no indictment issues on or before April 1, 1995, all warrant documents are to be unsealed except as to information regarding under cover agents or cooperators. The government is granted leave to inform the Court *in camera* why other information should not be unsealed on April 1, 1995.

**II.** *Motion for a more detailed inventory of seized items*

Fed.R.Crim.P. 41(d) requires the government to promptly prepare an inventory of items seized. The Petitioners contend that the inventory prepared by the government is not sufficiently specific to allow them to: 1) identify property taken from Semtex/NY from that which was seized from the other

corporations; 2) determine the dates of the documents or files taken; and 3) safeguard against specific exculpatory and/or valuable items being lost.

The Rules do not dictate a requisite level of specificity for inventories of seized items. While there is very little case law discussing this topic, it has been held that the following description is "exceedingly broad:"

> Six (6) cardboard cartons containing files, records and information relevant to appended sheet of search warrant and numbered consecutively Carton Number One (1) to Carton Number Six (6) inclusive. Also one (1) strongbox locked.

*United States v. Birrell*, 269 F.Supp. 716, 718 n. 1 (S.D.N.Y.1967). The *Birrell* Court also observed that a detailed description of each item seized, in light of the prompt filing requirement, "would not seem to be called for even under an extreme construction of Rule 41(d)." *Id.* at 722.

■ Whether the inventory provided by the government is sufficiently specific is an issue of fact. The government annexed as an exhibit to their papers one sample of an inventory entry, which reads as follows: "Accounts Receivable A–O. Semtex Thru 92 Filing Cabinet Against Wall." The government describes the identification process as follows:

> 1) an agent identifies a record or group of record as seizable under the warrant;
> 2) the agent completes an "evidence seized" form, which may contain a description such as "Accounts Receivable A–O. Semtex thru '92. Filing cabinet against wall."
> 3) the agent transports the seized item to the on-site computer terminal for entry by the evidence custodian;
> 4) the evidence custodian enters the item into the computer program, which automatically assigns an item number and prints a label to affix to the item;
> 5) at the conclusion of the search the computer prints an inventory, which is left with the person whose property was searched.

The government claims that it instructed Mr. Rivman and his attorney to write a letter identifying the seized items that were needed for daily operation of the business so that the government could furnish photocopies of those documents. Allegedly, in response to that request, a number of documents were copied and returned or returned in their entirety to the petitioners. Also, according to the government a small number of documents were reviewed, found to be outside of the scope of the warrants, and returned to the petitioners.

Relevant and significant in the present case is the fact that the petitioners have not been denied access to the records in question and remain free to inspect them. *See Birrell,* 269 F.Supp. at 722. The Court agrees with the parties that access to the records, discussed more fully below, obviates the need for a more detailed inventory than that already provided by the government.

### III. *Motion for return of the seized property*

#### A. *Return of legally seized property*

■ Where a movant seeks the return of property legally seized by the government, the Court should balance the interests of the "owner's interests and the often complex and varied governmental interests in retaining evidence for trial." *In re Premises Known as Encore House,* 100 F.R.D. 700 (S.D.N.Y. 1983) (quoting *U.S. v. Premises Known as 608 Taylor Ave.,* 584 F.2d 1297 (3d Cir. 1978)). If the government has no reasonable basis for retaining the property under the circumstances, the Court should order its return. *Id.* at 702. The Court may also consider whether alternatives to government retention of the property are available, such as a stipulation between the parties that photocopies or summaries of the records will be admissible into evidence. *Id.*

Both parties here claim to need the documents in question. It is this Court's view that a reasonable solution lies in photocopying the documents. Accordingly, the government is directed to provide the petitioners with photocopies of all documents seized from the petitioners' premises. The photocopies are to be made available to the petitioners on or before thirty days from the

date of this Order, with the government bearing the expense of photocopying.

B. *Return of property alleged to have been **illegally** seized*

Fed.R.Crim.P. 41(e) provides:

Motion for Return of Property. A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property which was illegally seized. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

i. *Deferment of a Rule 41(e) motion*

■ It has been held that under some circumstances, a decision on a Rule 41(e) motion should be deferred until after an indictment has issued, in the absence of a showing of irreparable harm. *See, e.g., In re Sentinel Government Securities,* 530 F.Supp. 793 (S.D.N.Y.1982) (where movants are targets of grand jury investigation, 41(e) motion should be deferred to a Rule 12 motion to suppress evidence following indictment); *In re Two Search Warrants Issued March 14, 1986,* 110 F.R.D. 354 (E.D.N.Y.1986) (a Rule 41(e) motion should be made post-indictment and pre-trial absent irreparable harm). The burden is on the government to establish the propriety of deferral. *United States v. Premises Known as 25 Coligni Avenue,* 120 F.R.D. 465, 467 (S.D.N.Y.1988).

■ Preindictment denial of a Rule 41(e) motion is only appealable if the motion relates to return of property that is not related to a criminal prosecution against the movant. *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). The safe-guard against indefinite retention of seized property by the government is the fact that a grand jury term is limited. *Standard Drywall, Inc. v. United States,* 668 F.2d 156 (2d Cir.), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442 (1982); *Church of St. Matthew v. United States,* 845 F.2d 418 (2d Cir.1988) (expressing sympathy where records were held over 15 months during a grand jury investigation, but not finding that to be an unreasonable amount of time).

The situations that require a showing of irreparable harm uniformly state that where access to seized records and photocopies are available, there is no irreparable harm. *See, e.g., Standard Drywall, supra; Church of St. Matthew, supra; Sentinel Government Securities, supra; Premises Known as 55 West 47th St., New York v. United States,* 712 F.Supp. 437 (S.D.N.Y.1989).

ii. *Adjudication of the of the Rule 41(e) motion*

[11] While the cases discussed above advise pre-indictment denial of a motion to return seized property, other courts have applied a plain reading to Rule 41(e) and concluded that the rule provides for pre-indictment adjudication of the legality of a seizure. *See Roberts v. United States,* 656 F.Supp. 929 (S.D.N.Y.1987), *reversed on other grounds,* 852 F.2d 571 (2d Cir.1988), *cert. denied,* 488 U.S. 993, 109 S.Ct. 556, 102 L.Ed.2d 583 (1988) (stating that the rule says nothing about prudential considerations or irreparable harm); *see also Application of First United Financial Corp.,* 620 F.Supp. 1450 (E.D.N.Y.1985). Pursuant to this approach, if a court finds that the seizure is violative of Fourth Amendment protections, "the evidence must be returned and suppressed." *Roberts, supra* at 932.

The petitioners urge the Court to address their substantive complaints regarding the search at this time, and request a hearing to ascertain whether the government's search exceeded the scope of the warrant. However, the Court finds that this is in essence a motion to suppress evidence that is more appropriately brought after indictment absent irreparable harm. *See In re Two*

*Search Warrants,* 110 F.R.D. at 357 and *In re 6600 Long Island Expressway,* 1988 WL 142662, \*2 (E.D.N.Y.1988).

Balancing the interests of the parties, it is the decision of this Court not to address issues relating to the legality of the search at this time. Accordingly, the petitioners' motion pursuant to Rule 41(e) is denied. Pursuant to this Order, the petitioners will have photocopies of all records that were seized by the government so that they may continue to operate their business. Also, the petitioners will continue to have access to their records. Additionally, the validity of the search may be challenged by the petitioners in a motion to suppress evidence under Rule 12, if and when an indictment is filed.

### CONCLUSION

Having reviewed the parties' papers in support of and in opposition to these motions and having heard their respective positions at oral argument on December 2, 1994, it is hereby

ORDERED, that the warrant documents are to remain under seal until April 1, 1995; it is further

ORDERED, that the government is granted leave to inform the Court, *in camera,* why the warrant documents should not be unsealed on April 1, 1995; it is further

ORDERED, that in the absence of an application by the government for continued sealing, the warrant documents shall be unsealed on April 1, 1995, except as to information regarding undercover agents or persons cooperating with the government's investigation; it is further

ORDERED, that the government, at its own expense, is to make photocopies of all seized documents available to the petitioners on or before thirty days from the date of this Order; and it is further

ORDERED, that the petitioners' motion pursuant to Fed.R.Crim.P. 41(e) is denied, without prejudice.

SO ORDERED.