**In the Matter of the Application of John CAMPOLA and J. C. Metal Spinning, Inc. for the Suppression of Evidence.**

**Misc. No. 669.**

United States District Court,
N. D. New York.

April 23, 1982.

Rogers, Meisel & August, Palm Beach, Fla., for movants; David S. Meisel, Palm Beach, Fla., of counsel.

George H. Lowe, U. S. Atty., Syracuse, N. Y., Stanley F. Krysa, Chief, Crim. Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., for I. R. S.; George A. Yanthis, Asst. U. S. Atty., Albany, N. Y., of counsel.

MINER, District Judge.

## MEMORANDUM DECISION and ORDER

### I.

This controversy arises out of an audit, conducted by Internal Revenue Service Agents, of the tax liabilities of Jean Campola and the movants herein, John Campola and his wholly owned corporation, J. C. Metal Spinning, Inc., for the taxable year ending December 31, 1975. Before the Court is movants' pre-indictment motion,[1] pursuant to Rule 41(e)[2] of the Federal Rules of Criminal Procedure, to suppress any evidence obtained during the tax audit. Jurisdiction is predicated upon this Court's equitable and "anomalous" power to entertain a preindictment motion.

### II.

It is uncontroverted that Internal Revenue Service Agents were inspecting movants' business and private financial records in the course of the audit. This inspection apparently was conducted with the consent of the movants or their representatives. Movants contend, however, that this initial inspection was completed on December 8, 1977, or January 13, 1978. They further maintain that, subsequent to this initial inspection, "without providing the notice required by federal statute under the provisions of Title 26, U.S.C. Section 7605(b)[3]

---

1. Although the instant motion was brought prior to the presentation of this matter to the Grand Jury, it appears that an indictment has now been returned.

2. Although movants have brought this motion pursuant to Fed.R.Crim.P. 41(e), entitled "Motion for Return of Property," it apparently is Fed.R.Crim.P. 41(f), entitled "Motion to Sup-

press," upon which movants rely. See Fed.R. Crim.P. 41 (1972 Amendment).

3. 26 U.S.C. § 7605(b) provides:
  "No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Sec-

and without the consent of the [movants], said Revenue Agents re-examined the [movants'] private records for the taxable year ended December 31, 1975." (Motion to Suppress, ¶ 4.). Maintaining that the alleged second inspection was in violation of their constitutional and statutory rights, movants have petitioned this Court for "an order. directing the suppression of evidence obtained by such second examination, and for an order restraining the United States Attorney or any other agent, officer or employee of the United States of America from utilizing said evidence and the fruits thereof for any purpose, including, but not limited to, any use before any Grand Jury or before any Court of Law .... " (Motion to Suppress, p. 2).

The Government, in opposition to the instant motion, maintains that this Court is precluded from entertaining a pre-indictment motion to suppress evidence. It is the Government's position that granting such a pre-indictment suppression motion would unduly interfere with the "historic role and functions of the Grand Jury." *See United States v. Calandra,* 414 U.S. 338, 349, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974). *See also In re Vigorito,* 499 F.2d 1351 (2d Cir. 1974).

### III.

It is well accepted that it is within a federal court's jurisdiction to entertain a pre-indictment motion for the suppression of evidence. *DiBella v. United States,* 284 F.2d 897 (2d Cir. 1960), *vacated on other grounds,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); *United States v. Foley,* 283 F.2d 582 (2d Cir. 1960). However, this jurisdiction is deemed "anomalous", 3 Wright and Miller, *Federal Practice and Procedure,* § 673, and "is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." *Fifth Avenue Peace Parade Committee v. Hoover,* 327 F.Supp. 238 (S.D.

N.Y.1971), *aff'd,* 480 F.2d 326, *cert. denied,* 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974). Furthermore, "anomalous jurisdiction is equitable in nature, and 'it does not automatically follow that this unique power should be exercised whenever it exists.' *Hunsucker v. Phinney,* supra, 497 F.2d 29 at 34. Rather, it is to be exercised, if at all, . . . in accordance with familiar limitations on the granting of equitable relief." *Meier v. Keller,* 521 F.2d 548, 554 (9th Cir. 1975), *cert. denied,* 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976).

Generally, there are three factors that a court must consider in determining whether to grant a pre-indictment suppression motion: (1) whether there has been a clear showing of a search and seizure in callous disregard of the fourth amendment or some statutory provision; (2) whether the movants would suffer irreparable injury if relief is not granted; and (3) whether the movants are without an adequate remedy at law. *Pieper v. United States,* 604 F.2d 1131 (8th Cir. 1979); *Hill v. United States,* 346 F.2d 175, 178 (9th Cir. 1965), *cert. denied,* 382 U.S. 956, 86 S.Ct. 433, 15 L.Ed.2d 361 (1965). This Court is of the opinion that the motion to suppress should be denied, since movants have failed to make a clear showing of an unlawful search or seizure or of irreparable harm.

Here, it is not readily apparent that an *unlawful* second examination of movants' financial records ever was conducted, since the Government denies that § 7605(b) was violated, *see* Affidavit of George A. Yanthis, p. 2, and movants present no compelling evidence to rebut the Government's denial. Moreover, although movants will undoubtedly suffer some "stigma" if an indictment is returned, this Court believes that such stigmatization by itself does not constitute irreparable injury, and certainly does not, in balancing the equities, outweigh society's interest in an unfettered grand jury process. This is especially true when, as here, movants may invoke an adequate remedy at

retary or his delegate, after investigation, notifies the taxpayer in writing that an additional

inspection is necessary."

law by seeking to suppress unlawfully obtained evidence by appropriate motions and objections when and if they are ever brought to trial. Therefore, since the movants here make no concrete showing of irreparable harm, and since they have an adequate remedy at law, the motion is denied.[4] *See Marshall v. Central Mine Equipment Co.*, 608 F.2d 719 (8th Cir. 1979). *See also Chakejian v. Trout*, 295 F.Supp. 97 (E.D.Pa.1969). *See generally* Fed.R.Crim.P. 12 and 41(e). *Contra In re Leonardo*, 208 F.Supp. 124 (N.D.Cal.1962).

It is so Ordered.

---

**4.** Since the motion is denied, it is unnecessary to address the Government's *Calandra* contentions.