### Howard PIROFSKY and Jack Pirofsky, Plaintiffs,

v.

### UNITED STATES of America, Defendant.

### Nos. 55435, 87–MALB–179.

United States District Court, N.D. New York.

Oct. 22, 1987.

Daffner & Pivar, Albany, N.Y., for plaintiffs; Jack J. Pivar, of counsel.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Albany, N.Y., for defendant; Bernard J. Malone, Jr., Asst. U.S. Atty., of counsel.

### MEMORANDUM–DECISION AND ORDER

CHOLAKIS, District Judge.

Howard and Jack Pirofsky bring this motion [1] pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure seeking an order requiring the return of property seized by the Federal Bureau of Investigation ("FBI") pursuant to a search warrant. The Pirofskys also seek suppression of the material seized. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 43.2(A)(1) and 44(A) of the General Rules of the Northern District of New York, this matter was referred to Magistrate Ralph W. Smith, Jr. for proposed findings of fact and recommendation. The entire file in this matter was received in this office on September 25, 1987, following a Report–Recommendation by Magistrate Smith, dated September 9, 1987. Written, timely objections have been filed.

On August 8, 1986, Magistrate Smith issued a search warrant permitting a search of certain rooms at 256 Broadway, Troy, New York, a building occupied by enterprises owned or operated by the Pirofskys. The warrant authorized the seizure of files and equipment relating to the sale, purchase, or distribution of devices capable of decrypting encrypted communications signals transmitted over cable or satellite systems. Attached to and incorporated by reference in the search warrant was a detailed description of the items to be

---

**1.** As noted by the Magistrate, the above caption is proper since no criminal case is pending and the present motion is the only proceeding currently pending. *Standard Drywall, Inc. v. United States,* 668 F.2d 156, 157 n. 3 (2d Cir.), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442, *reh'g denied,* 457 U.S. 1112, 102 S.Ct. 2917, 73 L.Ed.2d 1323 (1982).

searched for and seized. On August 13, 1986, FBI agents executed the warrant, searched the premises and seized books, records, appliances and equipment. To date, no indictment has been handed up.

The grounds for the Pirofskys' present motion are that (1) the federal agents failed to demonstrate a violation of federal law in their deposition in support of the search warrant; (2) the search warrant was overbroad and therefore violative of the Fourth Amendment; and (3) the search and seizure were not "reasonable" as required by the Fourth Amendment.

On August 18, 1987, Magistrate Smith heard oral argument on the motion. In his Report–Recommendation, the Magistrate found that since the Government has returned or offered to return certain documents and equipment, the movants had failed to demonstrate that they will suffer irreparable harm to their business if the materials seized were not returned. *See Application of Campola*, 543 F.Supp. 115, 118 (N.D.N.Y.1982); *see also Standard Drywall, Inc. v. United States*, 668 F.2d 156, 157 n. 2 (2d Cir.), *cert. denied*, 456 U.S. 927, 102 S.Ct. 1973, 72 L.Ed.2d 442, *reh'g denied*, 457 U.S. 1112, 102 S.Ct. 2917, 73 L.Ed.2d 1323 (1982) (questioning if irreparable harm could ever be shown if the movant is offered copies of the documents seized). The Magistrate concluded, therefore, that the merits of a Fourth Amendment claim should be raised by a motion to suppress under Fed.R.Crim.Proc. 12(b)(3) when and if an indictment is subsequently handed down. *Application of Sentinel Government Securities*, 530 F.Supp. 793, 795–96 (S.D.N.Y.1982); *see also* Fed.R.Crim.Proc. 41(f). Neither side objects to this recommendation.

The Magistrate also stated, however, that the Government has not exercised due diligence in the investigation, and found that the delay was both unwarranted and inexcusable. The Magistrate found unavailing the Government's contention that at least one agent has worked nearly full-time on the case and that certain documents have been subpoenaed by the grand jury. Noting that the delay since the seizure of the property has not reached constitutional dimensions, the Magistrate recommended that the motion be denied without prejudice to renewal if no indictment is reported against the Pirofskys within 60 days of this Court's adoption of the Report–Recommendation.

In written objections to the Report–Recommendation, the Government objects to the finding that it has not exercised due diligence in this matter. The Government also objects to the setting of a time period for the handing up of an indictment by the Grand Jury in what it contends is a complex case. Although recognizing a district court's supervisory power over the grand jury and the United States Attorney's Office, the Government maintains that it needs more than sixty days in which to complete the investigation. Contending that the issue of delay was neither raised by the movants nor addressed in its opposition papers, the Government requests that the matter be remanded to the Magistrate to permit the presentation of evidence of its diligence in conducting the investigation.

In their Affidavit in Opposition to Objections, the Pirofskys state that they have no objections to the Report–Recommendation. While the issue of delay was admittedly not directly raised in their moving papers, the Pirofskys contend it had been indirectly raised on prior occasions. They suggest that if this Court finds the Government's objections worthy of consideration, an evidentiary hearing should be held to determine the reason for the delay in the investigation.

Under Rule 41(e), the Pirofskys would bear the burden of proving that the seizure of the property was unlawful and that they are lawfully entitled to possession. If, however, the prosecution is complete, *see, e.g., United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297 (3d Cir. 1978), the indictment has been dismissed, *see, e.g., United States v. Wright*, 610 F.2d 930 (D.C.Cir.1979), the Government has dropped its investigation, *see, e.g., United States v. Martinson*, 809 F.2d 1364 (9th Cir.1987), or, as here, the property has

been held for an extended period of time without any prosecution, *see, e.g., Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15 (7th Cir.1978), the burden of proof shifts to the Government to justify its continued retention of the property. The Magistrate cites a number of cases holding that a more than fourteen month retention of property without the return of an indictment could be considered unreasonable under the Constitution.

The Government contends that, if given the opportunity, it can supplement its previous attempt to justify the delay and show, by document presentation and testimony, that the delay is directly related to the uniqueness and complexity of the investigation by the FBI. Evidence of this complexity is allegedly reflected by a 230 page prosecution report which was submitted to the United States Attorney's Office in Albany in early July, 1987. Since that time, the Government asserts that approximately ten witnesses have appeared before the grand jury and that possibly three to four dozen more could be called before the grand jury can properly consider the possible return of an indictment.

This Court is unable to determine from the papers submitted whether the Government can justify its actions in this matter. As a result, the matter will be remanded to the Magistrate for a hearing during which the Government shall be afforded the opportunity to justify its conduct. Mindful of the possibility that this presentation may involve documents and other evidence presently being considered by the grand jury, the Magistrate is directed to exercise his discretion and conduct the hearing *in camera* to the extent necessary to preserve the secrecy of the grand jury. *See Mr. Lucky Messenger Service, Inc.,* 587 F.2d at 17.

Therefore, after careful review of the entire file in this matter, including the Report–Recommendation of Magistrate Ralph W. Smith, Jr. and the objections filed thereto, it is

ORDERED, that the matter is remanded to the Magistrate for a hearing to consider the Government's justification for the delay between the seizure of the movants' property and the present lack of a conclusion in the grand jury investigation.