**In the Matter of the SEIZURE OF FOUR (4) DC–3 AIRCRAFT.**

**No. 90–104M.**

United States District Court, E.D. Wisconsin.

Feb. 14, 1991.

John Scott Hoff and Tamara Warn from Lapin, Hoff, Slaw and Laffey, Chicago, Ill., for Basler.

Asst. U.S. Atty. William Lipscomb, for the U.S.

## DECISION AND ORDER

AARON E. GOODSTEIN, United States Magistrate Judge.

On July 30, 1990, a seizure warrant was issued by this court authorizing government agents to seize four DC–3 airplanes in the possession of Basler Aviation of Oshkosh, Wisconsin. The airplanes were seized, but pursuant to an arrangement between Basler Aviation and the government, they remained at Basler until September 20, 1990 when they were removed.

On October 19, 1990, a motion was filed pursuant to Rule 41(e) Fed.R.Crim.P. for the return of one of the seized aircraft (a Douglas Turbo DC–3 aircraft, registration no. N72BF). The movants are the "Basler" group (which consists of Basler Flight Services, Inc. and Basler Turbo Conversion, Inc.), Innovair Aviation, Ltd. and the Insurance Company of North America ("INA").

According to the motion, Basler Turbo Conversion was the owner of the aircraft at the time it was seized and Innovair Aviation had performed certain modifications on the plane. Following removal of the aircraft, on October 2, 1990, INA purchased the plane in accordance with the provisions of an insurance policy. INA is now the owner of the aircraft and wants possession of its property.

Other contemporaneous events add an element of complexity to the situation. On

October 12, 1990, a superseding indictment was filed in federal court in Arizona (case no. 90–233–PHX–RCB) against Daniel Morales and eleven other defendants. This indictment contains a forfeiture provision seeking the forfeiture of the four airplanes seized from Basler, including the one in question. None of the present movants are named defendants in the Arizona indictment. Then, on November 29, 1990, the government commenced a civil forfeiture action in the Arizona district court (case no. 90–1827–PHX–RCB) seeking forfeiture of the subject aircraft and other property.

The indictment and the complaint in the civil forfeiture action sets forth the government's allegations concerning the drug trafficking activities of the defendants and their connection to the subject aircraft. It is the government's position that the airplanes were intended to be used to facilitate drug trafficking and are thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4). According to the government, some of the defendants, through the use of entities known as Air North Aviation Corporation and Air Columbia, engaged Basler to make certain conversions and modifications to DC–3 airplanes. Payments were made with the proceeds of illegal drug activities. Neither the indictment nor the civil complaint alleges that Basler was aware of the intended illegal use of the planes it was modifying or of the illegal nature of the monies it received.

■ The issue, however, presently before this court does not concern guilt or innocence or whether the aircraft is subject to forfeiture. The issue involves the court's jurisdiction to even entertain the motion for return of property. The government has filed a motion to dismiss claiming that the court is barred from considering the motion for several reasons. The government claims that the movants are precluded by 21 U.S.C. § 853(k)(2) from instituting any action affecting the seized property until after the criminal action has been completed. The government also claims that the appropriate venue to consider the movants' claim is in the Arizona

district court where the civil forfeiture action is pending.

In response, the movants contend that they are innocent parties who have been deprived of their property; as such, they have a right to petition the court for relief. They contend that since this court issued the warrant authorizing seizure, it is proper for this court to order the property returned. The movants submit that Rule 41(e), Fed.R.Crim.P. provides jurisdiction for this court to act. Rule 41(e) states, in part:

A person aggrieved by ... the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

■ After considering the written submissions of the parties and argument of counsel at a hearing conducted on the government's motion to dismiss, this court concludes that it has jurisdiction to entertain the motion. First, Rule 41(e) clearly establishes a procedure for a person aggrieved by a seizure to seek a return of property. The rule is not limited to just providing a forum to those who wish to contest the lawfulness of a search and seizure, but applies to those who claim they are entitled to lawful possession of the property of which they were deprived.

■ Second, the prohibition found in 21 U.S.C. § 853(k) is inapplicable to the present situation. That section prohibits any person from intervening in a criminal case involving forfeiture or commencing an action subsequent to the filing of the indictment in the criminal case. The movants have done neither; they have not attempted to intervene in the criminal case in Arizona, but have only sought a return of their property from the court that authorized its seizure. They have commenced no independent action in law or equity, but have simply filed a motion for the return of property.

Parenthetically, if this motion could be construed as an action in equity and thus fall within the purview of § 853(k)'s prohib-

ited acts, invocation of that section would raise serious due process concerns. It is a fundamental requirement of due process that a person must be given a meaningful opportunity to be heard before being deprived of property. To force the movants to await the conclusion of the criminal trial before the government is required to establish that the movants' interest or rights to the property is either subject to forfeiture or subordinate to the government's upon forfeiture would violate due process. See, *United States v. Thier*, 801 F.2d 1463, 1468, 1469 (5th Cir.1986), and *United States v. Monsanto*, 924 F.2d 1186 (2nd Cir.1991).

Finally, this Rule 41(e) motion was filed almost two months prior to the commencement of the civil forfeiture action. Therefore, it cannot be persuasively argued that the institution of forfeiture proceedings has pre-empted the movants' ability to seek relief by way of Rule 41(e). In fact, the seizure was authorized under 21 U.S.C. § 881. Section 881(b)(4) provides that seizure warrants such as this may issue without process under the supplemental rules for admiralty and maritime claims as long as summary or judicial forfeiture proceedings are promptly instituted. As indicated above, to foreclose the movants from a reasonably prompt forum which would entertain their claim would be to deprive them of property without due process of law.

■ Having disposed of the threshold matter of jurisdiction, the court now turns to the issue of whether it should exercise that jurisdiction or defer to the pending proceedings in Arizona. Three forums presently exist which are capable of addressing the request for relief. First, this court can order that the property be returned imposing any reasonable conditions that are necessary to protect its access and use in subsequent proceedings. See, Fed. R.Crim.P. 41(e).

The other two forums are in Arizona. The movants could await the outcome of the criminal trial, and if there is a conviction and the defendants' rights in the property are ordered forfeited, the movants would then have the right to assert their legal interest in the aircraft. See, 21 U.S.C. § 853(n). Awaiting the culmination of the criminal trial has the obvious drawback of delay.

Finally, the movants can seek to establish their legal interest in the property in the civil forfeiture action. This court understands that they did file an answer in that action on January 4, 1991. It appears that this avenue will not provide the movants with the immediacy of action they desire.

At the hearing conducted by this court, movants' counsel indicated a general concern that the aircraft would substantially depreciate in value if not properly maintained. Counsel for the government responded that all of the seized planes were in a secure location and receiving proper care and maintenance.

A number of cases have discussed the interplay between a Rule 41(e) motion for return of property and civil forfeiture proceedings. In *Floyd v. United States*, 860 F.2d 999 (10th Cir.1988), the court stated that the trial court's decision should be governed by equitable principles and the motion should be dismissed if "the claimant has an adequate remedy at law or cannot show irreparable injury." *Id.* at 1003. In *Floyd*, currency was seized as being drug related. Floyd filed a Rule 41(e) motion and a hearing was conducted. Subsequent to the hearing, the government commenced administrative forfeiture proceedings. The circuit court held that the trial court did not abuse its discretion in entertaining Floyd's motion since administrative forfeiture was instituted after the hearing. *Id.* at 1008.

Other cases have held that a civil or administrative forfeiture action provides a claimant with an adequate remedy at law and Rule 41(e) may not be used to bypass this procedure. See, *e.g. Shaw v. United States*, 891 F.2d 602, 603 (6th Cir.1989); *United States v. Elias*, 921 F.2d 870 (9th Cir.1990).

■ Recently, the court in the case of *In the Matter of Ninety–One Thousand Dol-*

*lars in United States Currency,* 715 F.Supp. 423 (D.R.I.1989), fully discussed the scope of a Rule 41(e) motion and its interaction with the forfeiture scheme set forth in 21 U.S.C. § 881. The court concluded that the subsequent commencement of forfeiture proceedings "does not automatically oust a trial court from jurisdiction to hear a Rule 41(e) motion, which turns on equitable grounds and may still be heard in a proper case in the trial court's discretion." *Id.* at 433. This court concurs. When faced with a pre-forfeiture Rule 41(e) motion for return of property, a court must exercise its discretion, governed by equitable principles, and determine whether the subsequently filed forfeiture proceedings will provide the claimants with an adequate remedy at law. If not, the court should address the merits of the Rule 41(e) motion.

With this approach in mind, the court now turns to the facts and circumstances of the present situation. Seizure of the aircraft was authorized on July 30, 1990, but the property remained in Basler's possession until September 20, 1990, when it was removed by the government. At the time of the seizure warrant and at the time of the actual seizure (removal), Basler Turbo Conversion owned the aircraft. On October 2, 1990, after the government took possession, Basler's ownership was transferred to INA. INA was the owner of the aircraft when the motion for return of property was filed.

The present situation is much different from the usual scenario in which it is the property of the defendant in a criminal case which has been seized. In that situation, either upon conviction or pursuant to civil forfeiture, the defendant's interest in the property is forfeited or extinguished. At that point, third parties claiming an interest in the property, such as secured creditors, attempt to establish their priority interest in the forfeited property.

Here, we are not dealing with a defendant. In fact, none of the defendants in the pending criminal case ever were in possession of this property. The defendants' interest, if any, was pursuant to a contract of purchase which required Basler to make certain modifications to the aircraft. So forfeiture will not have the effect of physically depriving any of the defendants of possession. Nor have these proceedings physically dispossessed INA of possession. The purchase of this aircraft from Basler, which no longer had possession, simply gave INA the right to claim possession. At the time of purchase, Basler had no plane to physically transfer to INA.

The unique scenario of this case is particularly germane when applying equitable principles. Depriving Basler of its property is one thing; delaying INA's opportunity to obtain possession of its property is another. Basler was deprived of this aircraft for less than one month when it was made whole under the terms of its policy of insurance with INA. Basler is in the business of building and modifying planes; deprivation of its product would no doubt have a significant financial impact on its business. One of the aspects of INA's business is paying insurance claims. While it wants this aircraft to mitigate or avoid any financial loss, INA has failed to establish that the civil forfeiture action will not provide an adequate remedy.

At present, INA has an adequate remedy at law. It is a participant in the civil forfeiture action and that proceeding will provide an appropriate forum for INA to establish its entitlement to the aircraft. If INA desires more immediate relief, it can petition the district court in Arizona for such relief. INA has failed to demonstrate that it will suffer irreparable harm if this court declines to proceed with its Rule 41(e) motion. No persuasive reason has been established for this court to retain jurisdiction over the motion for return of property.

THEREFORE, IT IS ORDERED that the motion of the government to dismiss the Rule 41(e) motion for return of property is hereby GRANTED.