UNITED STATES of America, Plaintiff,

v.

Joseph PADILLA, et al., Defendants.

Misc. No. CIV 91–200T.

United States District Court,
W.D. New York.

Feb. 5, 1992.

Christopher Buscaglia, Asst. U.S. Atty., Buffalo, NY, for plaintiff.

Michael Regan, Rochester, NY, for defendants.

## ORDER

TELESCA, Chief Judge.

Joseph Padilla, Alfredo Rivera, Antonia Rivera and Neysa Padilla move pursuant to Fed.R.Crim.P. 41(e) for an order directing the Government to return certain property seized pursuant to search warrants executed upon dwellings located at 12 Laser Street and 3132 Culver Road, Rochester, New York. This matter was referred to Magistrate Judge Kenneth R. Fisher November 11, 1991, for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In a Report and Recommendation filed November 14, 1991, Magistrate Judge Fisher reported that the seized property was either (i) the subject of a separate civil forfeiture proceeding, (ii) held by the Government as evidence of crime(s), or (iii) subject to a stipulation, signed by the Government, that it would be returned to the claimants. Insofar as the Government stipulated to return of the property, Magistrate Judge Fisher recommended granting claimants' motion; in all other respects, Magistrate Judge Fisher recommended denial of the motion.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 30(a), claimants timely filed objections to the Magistrate's Report and Recommendation.

Having reviewed the Magistrate's Report and Recommendation and claimants' objections thereto, as well as the materials submitted by claimants in support of the underlying Rule 41(e) motion, I find that the Magistrate properly considered and decided the issues raised therein.

WHEREFORE, the Report and Recommendation of Magistrate Judge Kenneth R. Fisher is adopted. Insofar as claimants seek the return of property to which the Government has agreed by stipulation, their motion is moot; in all other respects, claimants' motion for return of property pursuant to Fed.R.Crim.P. 41(e) is denied.

ALL OF THE ABOVE IS SO ORDERED.

## REPORT AND RECOMMENDATION

FISHER, United States Magistrates Judge.

Under Magistrate file numbers 91–608M, 91–609M, and 91–610M, claimants Alfredo Rivera, Antonia Rivera and Neysa Padilla move for return of property pursuant to Fed. R.Crim.P. 41(e). The property seized by government agents includes cash, automobiles, jewelry, and assorted items seized pursuant to warrants authorizing the search of 12 Laser Street, and 3132 Culver Road in the City of Rochester. Claimants contend that return of the property is warranted because the seizures were unlawful and unreasonable, and that they are entitled to the lawful possession of such property. Fed.R.Crim.P. 41(e) ("A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.")

When the motion came on to be heard, the government opposed on the ground that a magistrate judge is without authority to grant such a motion without referral by a district court judge. In addition the government contends that the seizures of property were authorized pursuant to search warrants which were issued and executed consistent with the commands of the Fourth Amendment. The government contends that certain enumerated items from 3132 Culver Road (6 one pound containers of Mannitol, one box of plastic ziploc bags, 2 scales, one portable 2–way radio, miscellaneous documents, and 6 photo albums) and from 12 Laser Street (1 scale, miscellaneous documents, .22 caliber semi-automatic pistol, one 5.6 mm rifle, 47 rounds of .223 ammunition, and 30 rounds of 9 mm ammunition) are evidence of crime allegedly committed by Joseph Padilla and Benito Padilla. The government asserts that these items, as evidence of crime, are subject to forfeiture pursuant to 21 U.S.C. § 881.

The government's opposing papers also alleged that the cash ($1,305 and $89,960 taken from 3132 Culver Road, and $11,850 taken from 12 Laser Street) together with 10 items of gold jewelry taken from 3132 Culver Road are subject to forfeiture under 21 U.S.C. § 881 and would be the subject of a civil forfeiture complaint intended to be filed by November 6, 1991. Finally, the government consented to return of any other property, presumably including the automobiles, which were seized at those two locations.

Subsequent to the hearing of oral argument, and upon finding that the criminal complaint file involving Joseph Padilla had been closed by a dismissal, this motion was sent to the Clerk of the Court for assignment. The Clerk assigned the case a Miscellaneous Civil number (91–200T), and shortly thereafter Chief Judge Telesca issued a referral order to the magistrate judge for purposes of preparing a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that further oral argument is unnecessary. The following is my Report and Recommendation that the motion for return of the property be denied in its entirety.

In view of the government's response, there are three categories of property identified which require separate treatment. These are: (1) property alleged by the government to be subject to forfeiture pursuant to 21 U.S.C. § 881, (2) property alleged by the government to be subject to forfeiture pursuant to that section and also the subject of a complaint for forfeiture filed with the court,[1] and (3) the balance of the property which the government consents to return to claimants. In general, however, and as this court observed in *Ryers Creek Corporation v. MacMartin,* unpublished Civ. 89–157T, at p. 4, 1989 WL 231304 (W.D.N.Y. April 20, 1989):

> Rule 41(e) expressly provides that an allegedly illegal search and seizure may be challenged by motion. It is within the district court's jurisdiction to entertain

---

1. The government did indeed file a "Verified Complaint for Forfeiture" on November 6, 1991, naming as defendants $89,960, $11,850, $1,305, and assorted jewelry. The time for answer has not elapsed and indeed no answer has yet been filed. *United States v. $89,960.00 in United States Currency,* W.D.N.Y.Civ. 91–6462L.

such a motion even before an underlying indictment has been filed. *DiBella v. U.S.,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). This "anomalous" jurisdiction is to be exercised with great restraint and caution, since it rests upon the Court's supervisory powers over the actions of federal law enforcement officials. *Fifth Avenue Peace Parade Committee v. Hoover,* 327 F.Supp. 238, 242 (S.D.N.Y.1971), *aff'd,* 480 F.2d 326, *cert. denied,* 415 U.S. 948, [94 S.Ct. 1469, 39 L.Ed.2d 563] (1974).

A party aggrieved by an allegedly illegal search and seizure, who is the subject of neither a grand jury investigation nor a criminal action, however, is not limited to seeking relief by way of Rule 41. Whatever may be the "theoretical difficulties" involved in determining how to bring such a grievance before the Court, "if a federal prosecutor unlawfully seizes property for use in a criminal prosecution, then even before an indictment is returned, the party aggrieved has an independent action." *Lord v. Kelley,* 223 F.Supp. 684, 688 (D.Mass.1963). Such an action is a civil matter and should be so docketed. *U.S. v. Koenig,* 290 F.2d 166, 169 (5th Cir.1961). Whether the procedure employed to bring the issue before the Court is Rule 41(e) or, as in this case, a suit in equity, the Court must consider three factors in determining whether to grant relief: whether there has been a clear showing of a search and seizure in callous disregard of the Fourth Amendment or of some statutory provision; whether the movant/plaintiff would suffer irreparable injury if relief is not granted; and whether an adequate remedy at law exists. *Pieper v. U.S.,* 604 F.2d 1131 (8th Cir.1979); *see also, Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir.1975). *Id.* at 4–5. *See also, In re Campola,* 543 F.Supp. 115, 117 (N.D.N.Y.1982) (Miner, J.).

■ With respect to the second enumerated category of property, above, it is the latter criterion which is dispositive. This requires some explanation. Claimants have an adequate remedy at law with respect to property which is the subject of a judicial forfeiture complaint filed with the court, and therefore with respect to this category of property the

motion for return pursuant to Fed.R.Crim.P. 41(e) is recommended to be dismissed in the court's discretion.

On facts virtually identical to those in this case, the Tenth Circuit has upheld dismissal of a claimant's Rule 41(e) motion on the ground that the judicial forfeiture action, commenced after the filing of the Rule 41(e) motion but before the hearing on that motion, provided that claimant with an adequate remedy at law. *Frazee v. Internal Revenue Service,* 947 F.2d 448 (10th Cir.1991). In doing so, the court in *Frazee* followed its earlier decision in *Floyd v. United States,* 860 F.2d 999 (10th Cir.1988), in which it was held that "Rule 41(e) jurisdiction should be exercised with caution and restraint. A Rule 41(e) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury." *Id.* 860 F.2d at 103 (quoted in *Frazee v. Internal Revenue Service, supra,* 947 F.2d at 449). A remedy in a judicial forfeiture proceeding of the kind that has been commenced in this case "is adequate because the legality of a seizure may be tested in a judicial forfeiture." *Frazee v. Internal Revenue Service, supra,* 947 F.2d at 450. Although the court has jurisdiction notwithstanding the pendency of the civil forfeiture action, *Matter of Seizure of Four (4) DC–3 Aircraft,* 134 F.R.D. 251, 254 (E.D.Wis.1991), claimants have proffered insufficient facts which would warrant the court in invoking the discretion to exercise this jurisdiction. *Id.* 134 F.R.D. at 255. Claimants "ha[ve] failed to establish that the civil forfeiture action will not provide an adequate remedy." *Id.* 134 F.R.D. at 255. Moreover, and particularly in view of the claimants' claim in this case that delay prejudices them, the court in *Frazee* further found "[un]persuasive" the "contention that the judicial forfeiture proceeding is an inadequate remedy because the court extended the deadlines in that proceeding." *Id.* 947 F.2d at 450.

It appears that the Second Circuit has not yet been faced with this issue. In a recent district court decision within the Circuit, however, the court collected virtually all of the relevant authorities which come to the same conclusion that the claimants "must

seek relief from the seizure in a forfeiture proceeding." *In re Motion for Return of all Monies Seized from Account 710707 at American Express Bank,* unpublished Misc. No. M—8–85 (S.D.N.Y. September 11, 1991) (1991 WL 183363).[2] Accordingly, claimants' Rule 41(e) motion is dismissed insofar as it seeks the return of the property described in *United States v. $89,960.00 in United States Currency, supra,* Civ. 91–6462L (W.D.N.Y. filed November 6, 1991). *See also, Boyd v. United States Department of Justice,* 673 F.Supp. 660, 663–64 (E.D.N.Y.1987).

With regard to that category of property the government has agreed to return (i.e., everything that is not listed in its responding papers to the Rule 41(e) motion), claimants have the benefit of that stipulation and this recommended order confirming that such property must be returned forthwith. Thus, as to that category of property the government has consented to return, the motion for return of the property pursuant to Rule 41(e) is recommended to be granted.

This leaves for consideration that category of property which the government has recited in its responding papers is subject to forfeiture pursuant to 21 U.S.C. § 881, but which is not the subject of a pending or intended administrative or judicial forfeiture proceeding. As to that category of property, the government represents that it is holding the property as "evidence of crime" or "as evidence of criminal conduct in its on-going investigation." Government's Response at ¶ 4, ¶ 6. Ordinarily, it is an insufficient response on behalf of the government to a Rule 41(e) motion that the property sought to be returned is simply "subject to forfeiture." *United States v. Wilson,* 540 F.2d 1100, 1104 (D.C.Cir.1976) ("claim by the owner for the return of his property cannot be successfully rejected by asserting that the property is *subject* to forfeiture") (emphasis in original). In this case, with respect to this final category of property subject to claimants' motion, the government makes no representation that forfeiture proceedings (administrative or judicial) are contemplated, intended or planned. Indeed, the government would make no representations concerning the progress of the Grand Jury Investigation, and would not state if an indictment would be returned. Fed.R.Crim.P. 6(e).

2. Judge Stanton's collection of authorities in his brief opinion is reproduced here for the convenience of the parties:

While the Second Circuit has not decided the issue, the weight of authority supports the Government's position. *See United States v. Price,* 914 F.2d 1507, 1511 (D.C.Cir.1990) (per curiam) ("Accordingly, we now hold that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an on-going criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property."); *Shaw v. United States,* 891 F.2d 602, 603–04 (6th Cir.1989) (Rule 41(e) is equitable remedy, and "Under standard equity doctrine, where there is an adequate remedy at law it must be pursued."); *United States v. Castro,* 883 F.2d 1018, 1019 (11th Cir.1989) (per curiam) ("It is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a Rule 41(e) Motion, but filing a claim in the civil forfeiture proceeding."); *United States v. United States Currency $83,- 310.78,* 851 F.2d 1231, 1233–35 (9th Cir.1988); *United States v. One 1985 Black Buick Automobile,* 725 F.Supp. 148, 150 (W.D.N.Y.1989) ("once the government gave notice to the claimants, the proper forum for challenging the seizure here was a civil forfeiture action."); see also *In re Harper,* 835 F.2d 1273, 1274–75 (8th Cir.1988) (district court did not abuse discretion in not exercising equitable jurisdiction under Rule 41(e) after government instituted forfeiture proceeding). *But see Camacho v. United States,* 645 F.Supp. 725, 726–27 (E.D.N.Y.1986) (McLaughlin, J.) (Rule 41(e) may be used to seek return of property illegally seized—plaintiff may choose between it and challenging seizure in forfeiture proceeding). Here, the Government is commencing a forfeiture proceeding within a reasonable time after the seizure. Another claimant also asserts an interest in the funds. As a matter of discretion, Broad Bank's claims should be considered after there is an opportunity for full development of the facts and issues, rather than in the instant Rule 41(e) motion. Since Broad Bank's legal remedy in the forfeiture proceeding appears adequate, the equitable remedy under Rule 41(e) is not required. *See Harper,* 835 F.2d at 1274–75; *In re Ninety–One Thousand Dollars,* 715 F.Supp. 423, 432–36 (D.R.I. 1989) (41(e) motion dismissed because civil forfeiture proceedings are available); *In re Seizure of Four (4) DC–3 Aircraft,* 134 F.R.D. 251, 254–55 (Mag.J.E.D.Wis.1991) (same); *see also Floyd v. United States,* 860 F.2d 999, 1006–08 (10th Cir.1988) (Rule 41(e) is equitable, and may be used to contest seizure where government did not institute forfeiture proceedings until after hearing on Rule 41(e) motion).

■ That leaves for decision whether the simple statement by the government that the property is being held as evidence of criminal conduct may, by itself, defeat a Rule 41(e) motion, or whether a decision of that issue is necessary upon the state of the current record. Leaving aside whether the claimants would suffer irreparable injury if relief is not granted, the motion papers here are wholly insufficient to make "a clear showing of a search and seizure in callous disregard of the Fourth Amendment or some statutory provision." *Ryers Creek Corporation v. MacMartin, supra,* at 4–5. *Pieper v. United States,* 604 F.2d 1131, 1133 (8th Cir.1979); *Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir.1975); *Hunsucker v. Phinney,* 497 F.2d 29, 34 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975); *In re Campola,* 543 F.Supp. at 117. Although some of the details of the searches that evening and the subsequent events are provided in claimants' papers, the factual allegations are insufficient to establish that the searches were authorized by invalid warrants (it is not alleged that the warrant applications were deficient) or that, indeed, the circumstances were such that the agents' conduct in executing the search and making the arrests were not in accordance with constitutional and statutory law. The mere dismissal of the criminal complaints is not dispositive, nor does it tend to show a "callous disregard" of claimants' rights. Similarly, the hindsight observation that drugs were not discovered fails to show that the warrants were not issued upon a probable showing sufficient to meet Fourth Amendment standards.

"Our Court of Appeals has held that a trial court is 'required as a matter of law to hold an evidentiary hearing if appellant's moving papers … states sufficient facts which, if proven, would have required the granting of the relief requested by appellant.'" *United States v. Feola,* 651 F.Supp. 1068, 1120 (S.D.N.Y.1987) (quoting *United States v. Culotta,* 413 F.2d 1343, 1345 (2d Cir.1969), *cert. denied,* 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970)). "A defendant does not have a right to a suppression hearing under all circumstances; instead the defendant must show 'that disputed issues of material fact exist before an evidentiary hearing is

required.'" *United States v. Viscioso,* 711 F.Supp. 740, 745 (S.D.N.Y.1989) (quoting *United States v. Castellano,* 610 F.Supp. 1359, 1439 (S.D.N.Y.1985). Because at this stage of the proceedings the claimants "would bear the burden of proving that the seizure of the property was unlawful and that they are lawfully entitled to possession[,]" *Pirofsky v. United States,* 671 F.Supp. 934, 935 (N.D.N.Y.1987), the court is entitled to treat claimants' motion in this fashion. Accordingly it is unnecessary to determine whether claimants are suffering irreparable harm, or whether their motion papers sufficiently allege such harm. *See e.g., Premises Known and Described as 55 West 47th Street v. United States,* 712 F.Supp. 437, 440–41 (S.D.N.Y.1989). The motion for return of the category of property not a subject of the forfeiture action but held as evidence is, therefore, recommended to be denied without a hearing.

## CONCLUSION

This is my Report and Recommendation that claimants' Rule 41(e) motion be (1) dismissed insofar as it concerns the subject of the separate forfeiture action filed with the court, (2) denied without a hearing insofar as it concerns property not listed in the forfeiture action but which the government claims a right to hold as evidence of crime, and (3) granted insofar as it concerns property the government identified in its papers would be returned to claimants.

The parties should be on notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 30(a)(3), any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt thereof. Failure to file objections within the specified time waives the right to appeal a District Court Order adopting this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a) and 6(b); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir.1988).

Dated: Rochester, New York
November 14, 1991