UNITED STATES of America,

v.

Said DOULEH, Defendant.

No. 03–M–4033.

United States District Court,
W.D. New York.

Aug. 19, 2003.

Lawrence L. Kasperek, Rochester, NY, for Defendant.

Sylvia M. Johnson, U.S. Attorney's Office, Rochester, NY, for Plaintiff.

## ORDER

TELESCA, District Judge.

Defendant Said Douleh is charged in a criminal complaint with food stamp fraud in violation of 7 U.S.C. § 2024(b)(g). On May 8, 2003 defendant filed a motion for the return of property seized from his home and business during the execution of an arrest warrant. The government opposed defendant's motion, and also argued that Magistrate Judge Marian W. Payson (the Judge to whom this case is assigned) lacked jurisdiction to hear defendant's motion. By Order dated July 1, 2003, Magistrate Judge Marian W. Payson transferred defendant's motion to this court, and I in turn referred the matter to Judge Payson for a Report and Recommendation. By Report and Recommendation dated July 3, 2003, Magistrate Payson recommended that defendant's motion be denied. Defendant was advised of his right to file objections to the Report and Recommendation, but has declined to do so.

Because neither party has filed an objection to the Report and Recommendation, the parties have waived their rights to *de novo* review pursuant to 28 U.S.C. § 636(b)(1).

*Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2nd Cir.1989)("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

I find that the Magistrate appropriately determined defendant's motion to return seized property should be denied, and since there is no clear error in Judge Payson's Report and Recommendation, I affirm and adopt Judge Payson's July 3, 2003 Report and Recommendation in its entirety, and deny defendant's motion to return seized property.

ALL OF THE ABOVE IS SO ORDERED.

## REPORT & RECOMMENDATION

PAYSON, United States Magistrate Judge.

### PRELIMINARY STATEMENT

Defendant, Said Douleh, has filed a motion, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for an order directing the government to return a quantity of money that was seized from his store.[1] (Docket # 10). The government has filed a response in opposition to defendant's motion. (Docket # 12).

### FACTUAL BACKGROUND

On April 10, 2003, defendant was arrested pursuant to an arrest warrant issued by United States Magistrate Judge Jonathan W. Feldman. The Criminal Complaint, upon which the arrest warrant was issued, charged defendant with committing Food Stamp fraud in violation of 7 U.S.C. § 2024(b). In addition to the Complaint, Magistrate Judge Feldman also issued a search warrant for defendant's store and attached apartment. During the execution of the search warrant,

---

**1.** Both parties and the relevant caselaw refer to Rule 41(e). However, in 2003 the Federal Rules of Criminal Procedure were amended and the relevant language is now found under Rule 41(g). Rule 41(g) provides:

**Rule 41(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.

The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

agents of the United States Department of Agriculture and Internal Revenue Service seized $7,714 in United States currency from defendant's store and $600 in United States currency from the person of defendant's son, Douleh Douleh. (Docket # 12, Government's Response).

On May 8, 2003, defendant filed the instant motion, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the return of the seized United States currency. (Docket # 10). Subsequent to the filing of defendant's motion, on May 14, 2003, the United States applied for and this Court issued seizure warrants for the currency. (Docket # 12). Under the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, this seizure of the United States currency initiated the administrative stage of a civil forfeiture proceeding.[2] Oral argument was heard before this Court on June 2, 2003. (Docket # 11). During oral argument, the government objected to this Court's jurisdiction over defendant's Rule 41(g) motion. According to the government, such motion must be heard by an Article III judge.

This matter since has been referred by this Court to United States District Judge Michael A. Telesca. (Docket # 13). Judge Telesca has, in turn, referred the matter back to the undersigned for Report and Recommendation, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 14).

### DISCUSSION

#### I. Magistrate Jurisdiction Over Rule 41(g) Motions

In determining whether this Court has jurisdiction over defendant's Rule 41(g) motion, it is necessary to review both Rule 41 and the Federal Magistrate's Act of 1968 (establishing the authority of magistrate judges) in their historical context.

From 1793 to 1968, the position of United States magistrate judge did not exist; rather, the first level of the federal judiciary was comprised of United States commissioners. Commissioners, who were not required to be attorneys, exercised some, but not all, of the duties now exercised by magistrate judges. Specifically, a commissioner's duties revolved largely around the initial proceedings of a criminal case, i.e., bail, the issuance of arrest warrants, the issuance of search warrants, etc. During this period, in 1944, the Federal Rules of Criminal Procedure were adopted and made applicable to the United States district courts. Particularly relevant here, as originally adopted, Rule 41(e) provided that "[w]hile under existing law a motion to suppress evidence or to compel return of property obtained by illegal search and seizure may be made either before a commissioner subject to review by the court on motion, or before the court, th[is] rule provides that such motion may be made only before the court." Fed.R.Crim.P. 41(e) advisory committee's note (1944). Based upon the above language, it seems clear that prior to the adoption of Rule 41(e), motions for the return of seized property could have been heard by either a district judge or by a commissioner. However, after the adoption of Rule 41(e), such motions were reserved for decision by the district court. The stated purpose for this change was to "prevent multiplication of proceedings." *Id.*

Over twenty years later, Congress enacted the Federal Magistrates Act of 1968 (revised in 1976), which established the United States magistrate judge system and replaced the prior United States commissioner system. 28 U.S.C. § 636. Under the Act, a magistrate judge's jurisdiction may arise in one of three ways: 1) through the prior jurisdiction of a commissioner; 2) through referral by a district court judge; or 3) through the consent of the parties. 28 U.S.C. §§ 636(a)-(c). Specifically, section 636(a) of the Federal Magistrates Act states, in pertinent part:

> Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment

---

**2.** Property that constitutes or is derived from proceeds traceable to food stamp trafficking in violation of 7 U.S.C. § 2024(b), or a conspiracy to commit food stamp trafficking, is subject to civil forfeiture, pursuant to 18 U.S.C.

§ 981(a)(1)(C). Property that is involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or any property traceable to such property is subject to civil forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A).

(1) all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts.

Therefore, since pursuant to the 1944 adoption of Rule 41, jurisdiction over motions for the return of seized property was reserved to the district court and such motions could not be heard by a commissioner, and since, pursuant to the Federal Magistrates Act, magistrate judges inherited the prior powers and authorities of commissioners, as of 1968, magistrate judges did not have the authority to hear Rule 41(e) motions.

In 1989, however, Rule 41 was again amended to substitute the word "court" for "judge" in the second sentence of subdivision (e). The stated purpose for the change was "to clarify that a magistrate may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge." Fed.R.Crim.P. 41 advisory committee's note (1989). After the 1989 amendment, the Rule read that "a person aggrieved by ... the deprivation of property may move the district court for the district in which the property was seized for the return of the property.... The *court* shall receive evidence on any issue of fact necessary to the decision of the motion." *In the Matter of the Search of 4330 North 35th Street, Milwaukee, Wis.*, 142 F.R.D. 161, 165 (E.D.Wis.1992) (citing Fed.R.Crim.P. 41(e) (1989)). In this Court's view, as explained below, the 1989 amendment conferred upon magistrate judges the authority to hear Rule 41(e) motions, consistent with 28 U.S.C. § 636.

■ The issue here is whether, under the revised Rule 41, the word "court" includes magistrate judges or refers exclusively to district judges. In common parlance, the word "court" refers to both magistrate judges and district judges collectively. *Id.* By contrast, when a law is drafted with the intent that a particular authority be limited to the district court, the word "judge" is often used "to specifically preclude or indicate a limited role for magistrate judges." *Id.* (citing Fed.R.Civ.P. 16(b)). I agree with

the reasoning of the Magistrate Judge in the *4330 North 35th Street, Milwaukee, Wis.* decision that the substitution of the word "court" for "judge" in the 1989 amendments to Rule 41(e) evidences an intent to grant jurisdiction to magistrate judges to hear Rule 41(e) (now (g)) motions.

The Advisory Committee's notes accompanying the 1989 amendments to Rule 41 clearly state that the purpose of the change was "to clarify that a magistrate may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge." Rule 41(e) advisory committee's note (1989). The fact that the notes specifically distinguish between a "finding" and a "proposed finding" makes clear that there will be some instances in which a magistrate will be exercising primary jurisdiction and issuing a decision. *Id.* If a magistrate only had the authority to issue a report and recommendation, "there would be no distinction between a finding and a proposed finding, and the use of both would be superfluous." *Id.*

■ The next question I must decide is whether I have jurisdiction, as a magistrate judge, to decide this motion by Decision and Order or whether, as the government contends, I must issue a Report and Recommendation. As previously stated, magistrate judge jurisdiction is limited and must not exceed the specific powers conferred under sections (a), (b) and (c) of 28 U.S.C. § 636 (the Federal Magistrates Act of 1968). The starting point is whether I have jurisdiction under 28 U.S.C. § 636(a)(1), which confers upon magistrate judges "all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts." While United States commissioners apparently did not have authority to hear Rule 41(e) motions at the time the Federal Magistrates Act was passed, the notes accompanying the 1944 adoption of the Federal Rules suggest that commissioners possessed and exercised such authority before the rules were adopted. Because I be-

lieve that the relevant inquiry under § 636(a)(1) is whether commissioners had such jurisdiction at the time the Act was passed, rather than whether they ever possessed such authority, I decline to rely on 28 U.S.C. § 636(a)(1) as a basis for me to exercise primary jurisdiction to decide this motion.

28 U.S.C. § 636(c) is similarly inapplicable. While parties may consent to magistrate judge jurisdiction in civil actions, they may not do so in felony criminal cases. *See* 28 U.S.C. § 636(a)(3). In addition, the government has specifically objected to the exercise of magistrate judge jurisdiction in this matter. (Docket # 12).

In view of the inapplicability of subsections (a) and (c), this motion has been referred and assigned to a district judge—in this case, the Honorable Michael A. Telesca—who has the authority to determine whether to decide the motion himself or refer it to a magistrate judge under subsection (b)(1) for either a decision or a report and recommendation. In this case, Judge Telesca has referred the motion to the undersigned for a report and recommendation under § 636(b)(1)(B). While I believe that there may be instances in which, upon a referral order, a magistrate judge may have authority under § 636(b)(1)(A) to issue a decision and order on a Rule 41(g) motion, the more prudent course in this case is to do so by report and recommendation under § 636(b)(1)(B). *See United States v. Padilla*, 151 F.R.D. 232, 233 (W.D.N.Y.1992) (magistrate issued report and recommendation on defendant's Rule 41(e) motion after government objected to magistrate's jurisdiction to grant such motion without referral). That is because, as discussed more fully below, the government has initiated civil forfeiture proceedings with respect to the same property, to wit, cash, that is the subject of the instant Rule 41(g) motion. If this Court were to rule in favor of defendant on this motion, it would effectively resolve the merits of the civil forfeiture proceedings—a separate civil matter not currently before this Court. To do so, it seems to me, would run contrary to the intent underlying § 636(b) to limit magistrate judge authority to determining non case-dispositive matters. *Compare* 28 U.S.C. § 636(b)(1)(A) *with* 28 U.S.C. § 636(b)(1)(B). *See also Burns v. Imagine Films Entertainment, Inc.* 164 F.R.D. 594, 599–600 (W.D.N.Y.1996) (under § 636(b)(1)(A), magistrate judges have authority to issue decisions over non-dispositive motions; magistrate judges may hear motions on dispositive issues under § 636(b)(1)(B), but only for the purpose of making a proposed findings of fact and recommendation) (citations omitted); *Pfizer, Inc. v. Y2K Shipping & Trading, Inc.*, 207 F.R.D. 23, 24 n. 1 (E.D.N.Y.2001) (magistrate had authority to issue final order under § 636(b)(1)(A), rather than a recommendation under § 636(b)(1)(B), because issue was non-dispositive).

For that reason, and to comply with Judge Telesca's referral order, I am issuing a Report and Recommendation in this matter.

## II. *Analysis of Defendant's Motion*

Now turning to the merits of defendant's Rule 41(g) motion, I find that such motion is not the appropriate vehicle through which to pursue the relief defendant seeks. Accordingly, it is my Report and Recommendation that defendant's motion be denied.

In his motion, defendant has effectively raised two arguments for the return of the seized property. First, defendant claims that the government's failure to return the property has placed an undue hardship upon him. Second, defendant claims that the money was seized illegally. Each of defendant's claims will be addressed in turn below.

■ **A.** *Undue Hardship:* Defendant contends that the government's continuing seizure of the United States currency constitutes an undue burden. (Docket # 10). According to defendant, this amount of money was set aside for the purpose of paying bills for his business and the promissory note for the premises. (Docket # 10). Defendant's argument, however, is more appropriately brought in another forum.

The seizure of defendant's money on April 14, 2003 initiated the administrative stage of a civil forfeiture proceeding, which is governed by the regulations set forth in the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983 (government has 60 days from date of seizure to send notice of civil forfeiture proceeding). The Act sets forth specific procedures for contesting a seizure of property and provides claimants with a remedy for improper seizures.[3] Civil forfeiture proceedings, however, are not governed by the Federal Rules of Criminal Procedure. Rule 1(a)(5)(B) of the Criminal Rules specifically states that a civil property forfeiture for violation of a federal statute is not covered by the Criminal Rules.[4] *See United States v. One 1985 Black Buick Auto., Bearing New York License No. AHZ 732,* 725 F.Supp. 148, 150 (W.D.N.Y.1989) (citing prior Rule 54(b)(5) to demonstrate that the Criminal Rules do not apply to civil forfeiture of property).

In *Frazee v. I.R.S.,* 947 F.2d 448 (10th Cir.1991), the Tenth Circuit, upon facts similar to those presented here, dismissed a Rule 41(e) motion because the claimants already had an adequate remedy at law. In that case, the claimants were the presidents of two Oklahoma Spina Bifida Association chapters, which were under investigation by the Internal Revenue Service ("IRS") for operating illegal bingo establishments. Based upon affidavits of an IRS agent, a magistrate judge issued search warrants, and the United States government seized numerous pieces of property. *Id.* at 449. The claimants in *Frazee* filed 41(e) motions for the return of the property, and a hearing was held. At the hearing, the IRS indicated that a judicial forfeiture complaint relating to the property had been filed, arrest warrants had been issued for the property, and notice had been mailed. Based upon the above, the Tenth Circuit held that dismissal of the Rule 41(e) motion was warranted because the judicial forfeiture action provided the claimants with an adequate remedy at law. *Id.* at 450.

In the instant case, defendant claims that the government's continued seizure of his property imposes an undue hardship upon him. However, as stated by the Court in *Frazee,* Section 983(f) of the Civil Asset Forfeiture Reform Act provides a remedy for just such a claim. Under Section 983(f), a claimant is "entitled to immediate release of seized property if ... (c) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business." 18 U.S.C.A. § 983(f)(1)(C). Seized currency, however, will not be returned to a claimant based upon a claim of hardship unless such currency is shown to be the assets of a legitimate business. 18 U.S.C.A. § 983(f)(8)(A).

Under this authority, defendant has a more appropriate forum—the civil forfeiture proceeding—for raising his undue hardship claim. If the Court were to rule in favor of defendant on this motion, such a decision would effectively circumvent the procedures set forth in the civil forfeiture proceeding and constitute a final decision on the merits of those proceedings. Moreover, the return of cash to a defendant who claims he needs it to pay his bills would result in a strong likelihood that the funds would be dissipated before the conclusion of the forfeiture proceedings. Therefore, it is the Report and Recommendation of this Court that defendant's motion based on undue hardship must be dismissed. *See e.g., United States v. Padilla,* 151 F.R.D. 232, 233 (W.D.N.Y.1992) (Telesca, J.) (court should exercise anomalous jurisdiction over a Rule 41 motion for the return of property only where there are no attendant criminal proceedings and only with great restraint and caution; such jurisdiction should not be exercised where movant

---

3. Indeed, on July 2, 2003, during a court appearance before the undersigned, defendant's counsel stated that defendant had filed a claim in the civil forfeiture proceeding. *See* 18 U.S.C. § 983.

4. The exclusion of civil forfeiture proceedings was previously governed by Rule 54. On December 1, 2002, the contents of Rule 54 were transferred by court order to Rule 1. Fed.R.Crim.P. 54.

has readily available remedy through administrative or civil forfeiture proceedings); *United States v. An Antique Platter of Gold,* 1995 WL 758762, *1 (S.D.N.Y.1995) (same) (citing *In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988)); *Boyd v. U.S. Dept. of Justice,* 673 F.Supp. 660, 662–64 (E.D.N.Y.1987)(same).

**B. *Illegal Seizure:*** Defendant also argues that "the United States Government does not have any lawful right to the money and the same must be returned to defendant." (Docket # 10). However, such an argument may be and, in fact, is more appropriately raised in a post-indictment, Rule 12 suppression hearing.[5]

"Intrinsic to the applicability of [Rule 41(e)] is the principle that the exclusionary rule does not extend to proceedings before a grand jury." *In re Two Search Warrants Issued March 14, 1986,* 110 F.R.D. at 355. In cases such as this, where criminal proceedings have commenced, "a decision on a Rule 41(e) motion should be deferred until after an indictment has issued, in the absence of a showing of irreparable harm." *In the Matter of Searches of Semtex Indus. Corp.,* 876 F.Supp. 426, 431 (E.D.N.Y.1995) (citing *Application of Sentinel Government Securities,* 530 F.Supp. 793, 797 (S.D.N.Y.1982) (during pendency of grand jury investigation, Rule 41(e) motion "must be deferred to a motion to suppress")); *In re Two Search Warrants Issued March 14, 1986,* 110 F.R.D. at 357–58 (E.D.N.Y.1986) (absent showing of irreparable harm, Rule 41(e) motion should not be brought until after indictment is filed).

Here, a criminal complaint has been filed against defendant, and a grand jury indictment may be forthcoming. The very fact that a grand jury's term is limited protects defendant from the seizure of his property for an unlimited period of time. *In the Matter of Searches of Semtex Indus. Corp.,* 876 F.Supp. at 431. If the grand jury should return an indictment against defendant, his unlawful seizure claim may be fully considered upon a motion to suppress. *Id.* at 358. Defendant thus has an adequate remedy at law regarding his unlawful seizure claim—a Rule 12 motion to suppress—and, therefore, his Rule 41(g) motion is not appropriately before this Court and should be denied.

It is my further Report and Recommendation that the court's decision make clear that the Rule 41(g) denial should have no *res judicata* or collateral estoppel effect with respect either to the civil forfeiture proceedings or a future motion to suppress in the event defendant is indicted.

### CONCLUSION

Based upon the foregoing reasons, it is my Report and Recommendation that defendant's motion for the return of seized property under Federal Rule of Criminal Procedure 41(g) (Docket # 10) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[6]

---

5. Under prior Rule 41(e), an unlawful seizure claim was considered to be the equivalent of a motion to suppress. *In re Two Search Warrants Issued March 14, 1986,* 110 F.R.D. 354, 357 (E.D.N.Y.1986). However, pursuant to the 2003 amendments, under Rule 41(g) a court may return seized property to a claimant and "impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim P. 41(g).

6. Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress,* 943 F.2d 622 (6th Cir. 1991); *United States v. Long,* 900 F.2d 1270 (8th Cir.1990).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

Dated July 3, 2003.